## TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,

### v.

### Richard RIVERA, Appellee.

### No. 14223.

Court of Appeals of Texas, Austin.

June 27, 1984.

Mark T. Mitchell, Austin, for appellant.

Rick Freeman, Austin, for appellee.

Before SHANNON, SMITH and GAM-MAGE, JJ.

PER CURIAM.

Texas Employers Insurance Association (TEIA) appeals from the judgment of the district court awarding worker's compensation to appellee Richard Rivera. TEIA has filed a motion requesting this Court to order the Clerk of this Court to file in the appellate record the transcript and statement of facts previously tendered by TEIA to the Clerk for filing. We will grant the motion.

On December 7, 1983, Rivera, plaintiff below, filed in the district court a motion entitled "Motion to Disregard Certain Findings on Special Issues and to Enter Judgment for Plaintiff." On December 21, TEIA, defendant below, filed a motion entitled "Motion to Reform and Clarify Proposed Judgment." In this motion, TEIA stated:

On December 7, 1983, Plaintiff's Motion to Disregard Special Issues Nos. 16–22 ... was granted by this Honorable Court.

Pursuant to the Court's ruling, a proposed judgment was submitted to defendant's counsel by plaintiff's counsel .... Defendant would show that entry of the proposed judgment by the Court would constitute error [here the motion refers to alleged substantive errors in the judgment].

WHEREFORE, PREMISES CONSIDERED, defendant moves that its Motion for Reform and Clarification be in all things granted and that the proposed judgment be modified in accordance with the law.

On January 3, 1984, the district court signed an order overruling TEIA's Motion to Reform and Clarify Proposed Judgment. On January 6, the district court signed the following order:

Came on to be heard the motion of the plaintiff to disregard the jury's answers to Special Issues No. [16–22], and to enter judgment for the plaintiff .... Said motion is ... granted, to which action of the Court the defendant then and there in open Court duly and timely excepted.

Said hearing was duly held before judgment was rendered, signed, or entered in this cause, and the defendant duly excepted to the action of said Court in granting said motion before any judgment was rendered, signed, or entered by the Court in this case.

Also on January 6, the district court signed the judgment awarding worker's compensation to Rivera. On April 12, the ninety-seventh day after this judgment was signed, TEIA tendered the transcript and the statement of facts to the Clerk of this Court for filing. On April 16, TEIA filed its motion to compel the Clerk to file them.

■ TEIA's motion constitutes "a motion to modify, correct, or reform a judgment," within the meaning of Tex.R.Civ.P. Ann. 329b(g) (Supp.1984), even though the motion refers to the "proposed" judgment and might be interpreted as a motion for judgment rather than a motion to modify, correct, or reform a judgment. In *Chekanski v. Texas & New Orleans Railroad Co.*, 306 S.W.2d 935, 937 (Tex.Civ.App.1957, writ ref'd n.r.e.), the appellee moved to dismiss the appeal because no notice of appeal had been timely filed. The court overruled the appellee's motion, holding that the court obtained jurisdiction of the appeal, despite the absence of a timely notice of appeal, because appellant's motion for new trial had been overruled by operation of law and appellant had filed an appeal bond. The "motion for new trial" referred to by the court was filed by appellant two months *before* entry of judgment, and was entitled "Motion to Set Aside Verdict of Jury." The court had instructed the jury to return a verdict for appellee. The court said:

The motion asked that the verdict be set aside and "no judgment be entered on such verdict." Then followed the reasons which in substance asserted that fact issues had been raised and the court should have allowed the jury to pass on the issues. In the prayer appellant asked that the verdict be set aside; that no judgment be entered; that the cause be restored to the trial docket and for such further relief as she might be entitled to in law.

\* \* \* \* \* \*

The motion filed by appellant was not called a motion for new trial, but its substantive allegations are essentially complaining of the action of the trial court in the trial of the cause. It also calls upon the court to review his action and to restore the cause to the trial docket. We hold, therefore, that the motion was a motion for new trial.

Similarly, although TEIA's motion refers to the "proposed" judgment, probably the judgment proposed to be entered and signed, "its substantive allegations are essentially complaining of the action of the trial court" in granting, on December 7, 1983, Rivera's motion to disregard jury findings. It prays that the judgment be modified in accordance with the law. Also, the trial court may have *rendered* judgment on December 7, and the "proposed" judgment to which TEIA referred in its December 21 motion may be the judgment already *rendered* and "*proposed*" to be *entered* and *signed*. Nothing in the record negates this possibility. Even assuming the judgment was not *rendered* before December 21, TEIA's motion is still a "motion to modify, correct, or reform a judgment" within the meaning of Rule 329b(g). *Chekanski, supra; Garza v. Garza*, 608 S.W.2d 260 (Tex.Civ.App.1980, writ dism'd) (letter of appellant to trial court complaining of "proposed" judgment before entry of judgment is not prematurely filed motion for new trial, but only because letter does not contain prayer for new trial); *Bryan v. General Electric Credit Corp.*,

553 S.W.2d 415, 418–19 (Tex.Civ.App.1977, no writ).

██ "The transcript and statement of facts . . . shall be filed in the appellate court within sixty days after judgment is signed; or, if a timely motion . . . to modify the judgment has been filed . . ., within one hundred days after the judgment is signed . . . ." Tex.R.Civ.P.Ann. 386 (Supp.1984). "A motion to modify, correct, or reform a judgment . . . if filed, shall be filed and determined within the time prescribed by this rule for a motion for new trial and shall extend . . . the time for perfecting an appeal in the same manner as a motion for new trial." Rule 329b(g). "A motion for new trial, if filed, shall be filed *prior to* or within thirty days after the judgment . . . is signed." Rule 329b(a). "*No motion for new trial* . . . shall be held ineffective because prematurely filed; but . . . such motion shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment the motion assails . . . ." Tex.R.Civ.P.Ann. 306c (Supp.1984). If TEIA's motion to clarify and reform the proposed judgment was filed *after* judgment was *rendered*, it was timely filed pursuant to Rules 329b(a), (g), since it was filed "prior to" the *signing* of the judgment. Under Rule 329b(g), this filing extended the time for filing the transcript and the statement of facts to 100 days "in the same manner as a motion for new trial" would have. On the other hand, if TEIA's motion was filed *before* judgment was rendered, it was prematurely filed. However, reading Rules 306(c), 329b(a), (g), together, it is deemed filed on the date judgment was rendered and it still extends the time for filing to 100 days. Because TEIA timely tendered for filing the transcript and statement of facts before expiration of 100 days after the judgment was signed, we grant TEIA's motion and instruct the Clerk of this Court to file the transcript and statement of facts.