**FIRST FREEPORT NATIONAL BANK, Appellant,**

v.

**BRAZOSWOOD NATIONAL BANK, Appellee.**

No. B14-85-329-CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 6, 1986.

Rehearing Denied May 15, 1986.

Jim Jones and Robert Newton, Freeport, for appellant.

Gary L. McConnell, Angleton, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

First Freeport National Bank (Freeport Bank) appeals from a judgment based on a jury verdict which awarded Brazoswood National Bank (Brazoswood Bank) priority to proceeds realized from the sale of certain loan collateral. In two points of error, appellant challenges the sufficiency of the evidence. We dismiss for want of jurisdiction.

This suit concerns which of these two banks has the superior lien on the proceeds realized from the forced sale of a crane owned by Energy Builders Company, Inc. ("Debtor"). On August 24, 1982, Freeport Bank and Debtor entered into a loan transaction whereby Debtor pledged a crane, a certificate of deposit, and other collateral as security. The parties also executed two promissory notes in the amount of $150,000 each and three security agreements. One of the notes was a revolving-line-of-credit note and it was this note that Freeport Bank claims was protected by the security agreement which included the crane. The security interests were perfected by filing of the appropriate forms with the Secretary of State. On November 15, 1982, Debtor engaged in a loan transaction with Brazoswood Bank, again pledging the crane as security. This security interest was also perfected. In early 1983, Debtor defaulted on both loans. Following legal proceedings not pertinent to this cause, the crane was sold and the proceeds filed in the court's registry pending a judicial determination as to lien priority. The trial commenced in early January 1985 and the case was submitted to the jury on special issues. The jury answered the special issues to the effect that Freeport Bank had a prior lien to the crane, but that the security agree-

ment covering such crane was *not* intended by the parties to secure the revolving-line-of-credit promissory note and that the concerned security agreement was *not* intended to secure an indebtedness in excess of $150,000. The Court entered judgment finding Freeport Bank possessed the superior lien as to its other note but ordered it to satisfy this secured indebtedness ($150,000) from the pledged certificate of deposit in the principal amount of $100,000 before seeking the balance from the sale proceeds of the crane on deposit in the court's registry. The judgment then ordered Brazoswood Bank to satisfy its lien from the funds thereafter remaining in the court's registry. After Brazoswood Bank satisfied its lien, the balance of the crane proceeds, if any, was to be applied to Freeport Bank's revolving-line-of-credit debt. This judgment was signed on February 4, 1985.

On February 22, 1985 Freeport Bank filed a *Motion to Disregard Special Issue Findings* and a *Motion to Modify and Enter Judgment*. Freeport Bank argued in its Motion to Disregard Jury Findings that the jury's answer to Special Issue No. 3, finding that appellant did not intend the security agreement to secure a debt greater than $150,000, was contrary to the great weight of the evidence presented at trial. In the proposed "Modified" Judgment, appellant requested that the trial court: (1) declare appellant to be the superior lien holder; (2) disregard the jury answer to Special Issue No. 3; and (3) decree that all indebtedness owing appellant be satisfied from the funds on deposit in the court's registry. A hearing was held on March 8, 1985 at which time both motions were overruled. On April 12, 1985, appellant deposited $1,000 with the Brazoria County Clerk in lieu of an appeal bond. Brazoswood Bank asserts that the appellant has not properly perfected its appeal and therefore we are without jurisdiction to determine the merits thereof.

The true nature of appellant's post trial motions is therefore of critical import as it directly affects our jurisdiction to hear this

**170**

appeal. Texas courts have consistently applied the rule that the character of a motion is to be determined from its substance, not from its caption. *Texas Employers Insurance Association v. Rivera*, 673 S.W.2d 690, 691–92 (Tex.App.—Austin 1984, no writ); *Dittberner v. Bell*, 558 S.W.2d 527, 531–32 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.); *Mercer v. Band*, 454 S.W.2d 833, 835–36 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ). If we find that the substance of the motion is deserving of its caption as a motion to modify, then appeal has been timely perfected. Tex.R.Civ.P. 329b(g), 356. However, if the motion is not a *motion to modify*, appeal has not been perfected regardless of its title. Tex.R.Civ.P. 356(a).

Brazoswood Bank urges that even a cursory review of Freeport Bank's motion to modify and enter judgment reveals that, in substance, it is actually a motion for judgment *non obstante veredicto*. The nucleus of Freeport Bank's motion is that because the jury's answers are *contrary* to the evidence, judgment should be rendered in favor of it rather than Brazoswood Bank. Arguably, the difference between a motion to modify and a motion for judgment notwithstanding the verdict is one of degree. At some point, however, a judgment is so modified that it amounts to an entirely different instrument as it not only alters the substance of the original decree, it reverses the legal responsibilities of each party. We hold that regardless of the motion's caption, Freeport Bank's motion is *not* a motion to modify and instead appears to be a motion for judgment notwithstanding the verdict and therefore does not operate to extend appellate time limits under Rule 356.

Finding that appellant's motion was not a motion to modify, we must now consider whether this appeal has been properly perfected. Judgment was signed on February 4, 1985. Texas Rule of Civil Procedure 324(b)(2) provides that a motion for new trial is an appeal prerequisite to a complaint of factual insufficiency. Appellant's motion does not include a request for a new trial. *Compare Chekanski v. Texas &*

*New Orleans Railroad Co.*, 306 S.W.2d 935, 937 (Tex.Civ.App.—Houston 1957, writ ref'd n.r.e.). Texas Rule of Procedure 356 provides that absent a motion for new trial or a motion to modify, an appellant is required to file a bond or its equivalent within thirty (30) days of judgment. Appellant filed its bond on April 12, 1985, sixty-eight (68) days after judgment. Because appellant failed to file a motion for new trial and timely file an appeal bond, we are without jurisdiction to entertain this appeal.

The appeal is dismissed.