**BRAZOS ELECTRIC POWER COOPERATIVE, INC.,**
**Appellant,**

v.

**William CALLEJO, et al., Appellees.**

**No. 05–87–00267 CV.**

Court of Appeals of Texas,
Dallas.

June 29, 1987.

Patrick D. Millar, Waco, for appellant.

Mike McKool, Dallas, for appellees.

Before ENOCH, C.J., and LAGARDE and THOMAS, JJ.

ENOCH, Chief Justice.

Appellees, William Callejo and others (collectively, "Callejo"), have filed a motion with this Court to dismiss this appeal for want of jurisdiction. For the reasons given below, we conclude that we have jurisdiction over this appeal, and, accordingly, deny Callejo's motion.

Appellant Brazos Electric Power Cooperative, Inc. ("Brazos"), sued Callejo in a condemnation proceeding. The trial court rendered a judgment non obstante veredicto in favor of Callejo on November 26, 1986. Brazos seeks to appeal that judgment.

On December 10, 1986, within 30 days of the judgment, Brazos filed a pleading in the trial court captioned "Motion to Modify Judgment Non Obstante Veredicto Pursuant to Rule 329b." On January 9, 1987, more than 30 days, but less than 90 days, after the judgment, Brazos filed its cost bond for this appeal.

Callejo argues that, although titled "Motion to Modify ...," substantively, the pleading is no more than a motion for a judgment on the verdict. Consequently, Callejo analogizes the motion to modify to a motion for judgment non obstante veredicto, and, therefore, it did not extend the time for filing a cost bond on appeal. Accordingly, Callejo concludes that Brazos filed its cost bond impermissibly late and, thus, urges that this Court lacks jurisdiction of this appeal.

Rule 329b(g) of the Texas Rules of Civil Procedure provides that "[a] motion to modify, correct, or reform a judgment ... shall extend the trial court's plenary power and the time for perfecting an appeal in the same manner as a motion for new trial." TEX.R.CIV.P. 329b(g).

In arguing that a motion for judgment on the verdict is not one of the motions within the purview of rule 329b, Callejo

relies on *First Freeport National Bank v. Brazoswood National Bank*, 712 S.W.2d 168 (Tex.App.—Houston [14th Dist.] 1986, no writ). In *First Freeport*, the appellant had filed a motion for a modified judgment *after* the trial court's judgment. The Fourteenth District Court of Appeals determined that the appellant's motion was actually a motion for a judgment non obstante veredicto, and that such a motion is not one of those motions enumerated by Rule 329b to extend the appellate timetable. Accordingly, that court dismissed the appeal for want of jurisdiction. 712 S.W.2d at 170.

Recognizing that the motion filed in the trial court, in substance, was a motion for judgment on the verdict rather than a motion for judgment non obstante veredicto, we consider the difference to be without distinction. Consequently, *First Freeport* appears to be on point. Because we see no significant way to distinguish *First Freeport*, we must decide whether to adopt its reasoning. We are not persuaded by that reasoning and, thus, we expressly decline to follow the reasoning adopted by the Fourteenth District Court of Appeals.

■ Both Callejo and *First Freeport* start with the principle that the character of a motion is to be determined from its substance, not from its caption. 712 S.W.2d at 170. We do not dispute that principle, and assume, without deciding, that the *character* of Brazos' motion in the instant case was a motion for judgment on the verdict. However, in determining that a motion for judgment non obstante veredicto filed *after* judgment is entered does not fit the parameters of Rule 329b the Houston court returns to the "form over substance" trap. That court recognized this problem: "Arguably, the difference between a motion to modify and a motion for judgment notwithstanding the verdict is one of degree." *First Freeport*, 712 S.W.2d at 170.

The approach taken by the Fourteenth Court is fraught with difficulty. Under its opinion, whenever an appellant files a motion after a judgment in accordance with rule 329b(g), and thereafter files his cost bond more than 30 days after judgment, the appellee could argue that the appellate court lacked jurisdiction because of a technical deficiency (*i.e.*, "degree" of difference) in the appellant's motion. The appellate court's jurisdiction would then have to be determined case by case, and litigants would have no assurance of the court's jurisdiction until such a determination was made. To make jurisdiction depend on such a "degree" of difference is to thwart the purpose behind the rules of appellate procedure.

An additional problem with the Houston Court's ruling is that it virtually creates a class of post-judgment motions not covered by any rule of civil procedure. *See* TEX.R. CIV.P. 316, 317 ("corrections" and "misrecitals" motions which *do not* extend appellate time tables) and 329b ("modified," "corrected," "reformed," and "new trial" motions which *do* extend appellate time tables). There is no question that a motion for a judgment nunc pro tunc, as contemplated by rules 316 and 317, does not extend the appellate timetable for any complaint that could have been made about the original judgment. TEX.R.CIV.P. 306a(6). The question is simply whether there are two categories of motions seeking substantive changes in a judgment, those that extend the appellate timetable and those that do not.

■ The issue addressed in Rule 329b is not whether the pleading specifically requests a "modification" or "correction" or "reformation" of the judgment, as opposed to a pleading that does not make such a specific request; the issue is whether the motion requests a *substantive* change in the judgment as entered. We conclude that any post-judgment motion that, if granted, would result in a substantive change in the judgment as entered is a motion within the contemplation of rule 329b(g), and is, therefore, effective in extending the time to perfect the appeal.

We have held that the "manifest purpose" of the rules is "to eliminate jurisdictional pitfalls that result in dismissals on technical grounds." *Miller v. Hernandez*, 708 S.W.2d 25, 27 (Tex.App.—Dallas 1986, no writ). Certainly, an after-the-fact deter-

mination, made case by case, that a post-judgment motion crosses the line into becoming a motion for judgment on the verdict is a pitfall that can only increase the number of technical dismissals.

■ Certainly, as a general rule, a motion for judgment on the verdict does not extend the appellate timetable. The reason that it does not is not because such a motion is excluded by rule 329b, but because such motion is properly filed *before* a judgment is entered. In short, a motion for judgment on the verdict is a *pre*-judgment motion. The entry of a judgment non obstante veredicto implicitly overrules a *previously* filed motion for judgment on the verdict. Therefore, when such a judgment is entered, the trial court disposes of the prior pending motion for judgment on the verdict, and the motion is no longer a "live" pleading that can operate to extend the appellate timetable. It is precisely for this reason that such a motion cannot be considered as a *prematurely* filed motion for new trial under rule 58 of the Texas Rules of Appellate Procedure.

In both *First Freeport* and the instant case, however, the motion that was filed was filed *after* the judgment was signed. In requesting a substantive change in the judgment already signed, the motion was sufficient to extend the appellate timetable.

■ Arguing further, Callejo asserts that Brazos' motion does not meet the criteria of Rule 329b because it does not specifically request a new trial; it requests only that a judgment be entered conforming to the jury's verdict. Such an argument flies in the face of the very language of the rule. Rule 329b(g) specifically states that a motion which seeks "to modify, correct, or reform a judgment" (other than a motion for a judgment nunc pro tunc) extends the deadline for filing a cost bond *"in the same manner as a motion for new trial."* TEX.R.CIV.P. 329b(g) (emphasis added). To conclude that, in substance, a motion to modify must request a new trial would be to render Rule 329b(g) meaningless. It is not necessary for a motion to request a new trial in order for it to be effective in extending the appellate timetable. *See Texas Employers Ins. Ass'n v. Rivera,* 673 S.W.2d 690, 692 (Tex. App.—Austin 1984) (per curiam) (motion sufficient to trigger rule 329b when it submitted proposed judgment), *op. on merits,* 690 S.W.2d 632 (Tex.App.—Austin 1985), rev'd on other grounds, 701 S.W.2d 837 (Tex.1986).

In this case, Brazos had also filed a motion for judgment on the verdict before the judgment non obstante veredicto was signed. Callejo argues that, because the post-judgment motion is substantively identical to the pre-judgment motion for judgment on the verdict, the post-judgment motion should be disregarded for purposes of calculating the appellate timetable.

We disagree. Irrespective of the fact that Brazos' pre-judgment motion was implicitly overruled by the court's entry of a judgment non obstante veredicto, the filing of a new, post-judgment motion in the trial court renewed Brazos' request for a judgment on the verdict. Such a result has been previously suggested with regard to duplicate motions for new trial, one filed prematurely before a final judgment. *See Miller,* 708 S.W.2d at 26, 27 (dictum).

In the instant case, after the trial court had entered its judgment, Brazos filed a motion that sought a substantive change in that judgment. We hold that that motion, in substance, was one to "modify" the judgment within the express terms of rule 329b(g) of the Texas Rules of Civil Procedure. Accordingly, we conclude that Brazos had 90 days after the date of judgment in which to file its cost bond, and that its bond was, therefore, timely filed. TEX.R. APP.P. 41(a)(1).

Callejo's motion to dismiss for want of jurisdiction is denied.