US Fire v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 



ON MOTION FOR REHEARING


 





NO. 3-91-410-CV





UNITED STATES FIRE INSURANCE COMPANY,



 APPELLANT


vs.





STATE OF TEXAS,



 APPELLEE




 



 

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT 



NO. 484,931, HONORABLE HUME COFER, JUDGE PRESIDING


 






 The opinion issued by this Court October 14, 1992, is withdrawn, and the
following is filed in lieu thereof.

 In a motor-fuel tax bond case brought by the State, appellee, against United States
Fire Insurance Company ("U.S. Fire"), appellant, the trial court granted the State's motion for
summary judgment and denied that of U.S. Fire. On appeal, U.S. Fire contends that the State's
claim is barred by limitations and that the State misapplied audit credits in calculating U.S. Fire's
liability. The State complains in a cross-point that U.S. Fire did not timely perfect its appeal,
thereby depriving this Court of jurisdiction. We will reverse the judgment of the trial court and
render judgment that the State take nothing.



BACKGROUND


 U.S. Fire issued a surety bond on behalf of Joe G. Tarrant Oil Company, Inc.
("Tarrant") for the benefit of the State of Texas. The bond was issued to secure payment of
motor-fuel taxes Tarrant owed for the period of January 1, 1983, through August 11, 1984. 
Beginning in October 1986, the State Comptroller conducted a tax audit of Tarrant for the period
of January 1983 through September 1986 and issued a tax-deficiency determination for Tarrant
on February 27, 1987. Based on this deficiency determination, the State did not bill U.S. Fire
for any taxes, penalties, or interest that accrued during the period that U.S. Fire was Tarrant's
surety. Rather, the State assessed the full amount of the deficiency against sureties that provided
similar bonds for Tarrant covering the period after August 11, 1984.

 At the request of one of the subsequent sureties, the State recalculated Tarrant's
liability. This recalculation reversed credits previously applied to Tarrant's taxes owed during
U.S. Fire's bond period and reapplied the credits to deficiencies that accrued during the
subsequent surety's bond period, after the overpayments that resulted in the credits. Having
transferred the benefit of the credits to a different surety, they forwarded a payment demand notice
dated January 19, 1990, in which it assessed liability against U.S. Fire in the amount of
$63,840.63. On May 29, 1990 the State filed suit against U.S. Fire. The trial court granted the
State's motion for summary judgment and awarded the State almost $77,000 for past due taxes,
penalties, interest, and attorney's fees. The judgment was signed on May 14, 1991. U.S. Fire
filed a "Motion to Correct and/or Modify Judgment" on June 3, 1991, which the trial court
overruled on July 19, 1991. U.S. Fire then deposited cash in lieu of a cost bond on August 9,
1991.



THE STATE'S CROSS-POINT


 We will first address the State's cross-point contesting the jurisdiction of this Court. 
The State contends that U.S. Fire failed to timely file its security for costs, failed to file a motion
extending the time required to perfect its appeal, and, therefore, failed to perfect its appeal to this
Court. The State argues that U.S. Fire's motion to correct and/or modify the judgment was
insufficient to extend the appellate deadlines.

 The State characterizes U.S. Fire's motion as a request for a reversal of the legal
responsibilities of the partieseffectively a "motion for rehearing" of the parties' summary
judgment motionsbecause it requests that the trial court render judgment in favor of U.S. Fire
rather than the State. Relying on First Freeport National Bank v. Brazoswood National Bank, 712
S.W.2d 168, 170 (Tex. App.--Houston [14th Dist.] 1986, no writ), the State argues that, despite
its caption, U.S. Fire's motion is not a motion to modify and, therefore, cannot extend appellate
deadlines pursuant to Tex. R. Civ. P. 329b(g). In addition, the State argues that the motion
cannot be construed as a motion for new trial that would extend appellate deadlines, because it
does not include a request for a new trial. Id.

 We decline to follow the analysis of the First Freeport case. Under Texas law, the
character of a motion is judged by its substance rather than its form or caption. Texas Employers
Ins. Ass'n v. Rivera, 673 S.W.2d 690, 691-92 (Tex. App.--Austin 1984, no writ); Dittberner v.
Bell, 558 S.W.2d 527, 531 (Tex. Civ. App.--Amarillo 1977, writ ref'd n.r.e.). We conclude the
better rule is that "[a]ny post-judgment motion, which, if granted, would result in a substantive
change in the judgment as entered, extends the time for perfecting the appeal." Miller Brewing
Co. v. Villarreal, 822 S.W.2d 177, 179 (Tex. App.--San Antonio 1991), rev'd on other grounds,
829 S.W.2d 770 (Tex. 1992). U.S. Fire's motion clearly requested a substantive change in the
judgment. Accordingly, we conclude that U.S. Fire's motion was sufficient to extend appellate
deadlines and that U.S. Fire's security for costs was, therefore, timely filed. The State's cross-point is overruled.



U.S. FIRE'S POINTS OF ERROR


 In its first two points of error, U.S. Fire contends that the trial court erred in
granting the State's motion for summary judgment and in refusing to grant U.S. Fire's cross-motion for summary judgment because limitations bars the State's suit. The controlling question
in this case is whether the limitations provisions contained in Tex. Tax Code Ann. §§ 111.201,
.202 and .207(c) (West 1992) apply to U.S. Fire.

 The State contends that sections 111.201 and 111.202 of the Tax Code do not
apply; rather, it argues that this is a suit on a surety's bond contract, not one to collect delinquent
taxes. The State distinguishes between the taxpayer and the surety and asserts that the limitations
periods provided in the Tax Code do not apply to sureties. We conclude that the State's position
lacks merit. This Court specifically addressed the application of section 111.202 to sureties in
Lawyers Sur. Corp. v. State, 825 S.W.2d 802 (Tex. App.--Austin 1992, no writ). In that case,
the State raised the same argument advanced here; we rejected that argument and held that the
three-year statute of limitations contained in section 111.202 applies to a surety as well as the
principal. Id. at 804. Based on our analysis in Lawyers Surety, we conclude that the three-year
statute of limitations applies in this case.

 The State claims that the only deficiency determination issued was the February 27,
1987, determination. (1) Section 111.202, however, prohibits the State from filing suit to recover
delinquent taxes more than three years from the date a deficiency determination becomes due and
payable:



At any time within three years after a deficiency or jeopardy determination has
become due and payable or within three years after the last recording of a lien, the
comptroller may bring an action in the courts of this state, or any other state, or
of the United States in the name of the people of the State of Texas to collect the
amount delinquent together with penalties and interest.



The State filed the present suit on May 29, 1990, more than three years after the deficiency
determination became due and payable; therefore, this suit is barred by the three-year statute of
limitations provided in section 111.202.

 The State argues, in the alternative, that if the statutes of limitation do apply, then,
pursuant to section 111.207(c), Tarrant's bankruptcy filing on March 3, 1987, tolled the running
of limitations as to U.S. Fire as well as Tarrant. Section 111.207(c) provides:



A bankruptcy case commenced under Title 11 of the United States Code suspends
the running of the period prescribed by any section of this title for the assessment
or collection of any tax imposed by this title until the bankruptcy case is dismissed
or closed. After the case is dismissed or closed, the running of the period resumes
until finally expired.



The State's interpretation of section 111.207(c) presents a question of first impression in Texas:
does the bankruptcy of a principal toll the Tax Code statutes of limitation as applied to a surety?

 Under Texas law, a surety's liability is generally derivative in nature; the surety
is bound by the obligation of the principal. Wright Way Constr. Co. v. Harlingen Mall Co., 799
S.W.2d 415, 426 (Tex. App.--Corpus Christi 1990, writ denied). However, the surety's liability
depends on the language of the bond. Id.; Howze v. Surety Co. of Am., 584 S.W.2d 263, 266
(Tex. 1979). In Howze, the supreme court stated that "[w]e construe the bond as a whole and the
intent of the Legislature in requiring it." 584 S.W.2d at 266. The intent of the Legislature in
requiring motor-fuel tax bonds was to ensure that the State can collect all taxes due. Surety bonds
are not provided to protect the taxpayer, because ultimately the taxpayer must pay the bill; even
if the surety is required to pay, the law provides the surety a contractual right to recover from the
taxpayer on the bond itself. Commercial Standard Ins. Co. v. Ebner, 228 S.W.2d 507, 510 (Tex.
1950). Therefore, the purpose of the statutory bond requirement is to protect the State, not the
taxpayer. See Tex. Tax Code Ann. § 153.116 (West 1992).

 The dispositive issue, then, is whether the State is adequately protected under the
this surety bond if the statutes of limitation are not tolled against U.S. Fire. The purpose of the
tolling provision in section 111.207(c) is to ensure that the statutes of limitation do not expire
during the time a responsible party is in bankruptcy and protected from pursuit by the State. U.S.
Fire has never been in bankruptcy during the period at issue in this case. Tarrant's bankruptcy
filing did not preclude the State from pursuing U.S. Fire independently because the bond at issue
in this case did not require the State to pursue Tarrant as a precondition to pursuing U.S. Fire;
rather, the specific language of the bond granted the State the right to pursue U.S. Fire
independently. The bond provided that: "[T]he State of Texas shall have the right to sue on and
otherwise enforce the obligations of this bond without resorting to or exhausting its remedies
against the property and assets of the applicant or without making said applicant, as principal
obligor in said bond, a party to said suit." (Emphasis added.)

 The foregoing provision essentially casts U.S. Fire in the role of a principal
obligor, effectively placing the surety in the shoes of the taxpayer for liability purposes. (2) 
Assuming two principal obligors were involved, we do not believe that section 111.207(c) would
prevent the State from pursing one principal obligor simply because the other had filed
bankruptcy. Based on the remedy provided by the terms of this bond, the State could have
recovered from U.S. Fire at any time before the running of the applicable statutes of limitation. 
Tarrant's bankruptcy filing should have provided notice to the State to pursue U.S. Fire
independently. Allowing the State to extend indefinitely U.S. Fire's liability beyond the statutory
period would reward the State for its failure to assert its rights under the bond within the time
provided by law. Because the specific language of the U.S. Fire bond adequately protected the
State's rights, we conclude that section 111.207(c) does not apply to U.S. Fire as surety under the
facts of this case. (3) As a result, we conclude that the State's suit against U.S. Fire is, as a matter
of law, barred by the Tax Code's statutes of limitation. Because points of error one and two are
dispositive of the case, we do not reach U.S. Fire's remaining points of error.

 Accordingly, we reverse the trial court's judgment and render judgment that the
State take nothing in its claim against U.S. Fire. Tobin v. Garcia, 316 S.W.2d 396, 400-01 (Tex.
1958).



 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Reversed and Rendered

Filed: December 9, 1992

[Publish]

1.   U.S. Fire characterizes the January 19, 1990, payment demand notice as a
"deficiency redetermination" which assessed liability to Tarrant and U.S. Fire for taxes
due and payable prior to August 1984. Section 111.201 provides that "[n]o tax imposed
by this title may be assessed after four years from the date that the tax becomes due and
payable." U.S. Fire claims that the assessment reflected in the demand notice occurred
after the expiration of the assessment limitations period and is, therefore, barred by the
four-year statute of limitations provided in section 111.201.


 The State claims that the recalculation which resulted in the payment demand notice
does not constitute a deficiency redetermination that assessed tax liability. For the
purposes of this opinion, we assume, without deciding, that the recalculation did not
constitute an assessment and that the statute of limitations for assessments does not apply.
2.   We do not address the question of whether a surety would, in every circumstance,
be treated as a "taxpayer" under the Tax Code. See Tex. Tax Code Ann. § 101.003(8)
(West 1992) ("`Taxpayer' means a person liable for a tax imposed by this title.").
3.   We do not address the question of whether section 111.207(c) could ever apply in the
surety context. We simply conclude, based on the language of the bond at issue in the
present case, that the State was adequately protected and that section 111.207(c) is
inapplicable.