Hilario RAMIREZ and Maria
Ramirez, Appellants,

v.

WILLIAMS BROTHERS CONSTRUC-
TION COMPANY, INC., Appellee.

No. 01–93–00512–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1993.

Vincent A. Lannie, John R. Thomas, Baytown, for appellants.

Richard A. Sheehy, Shelley Rogers, Lauren L. Beck, McFall & Sartwelle, P.C., Houston, for appellee.

Before DUGGAN, MIRABAL and WILSON, JJ.

## ORDER

PER CURIAM.

Appellee, Williams Brothers Construction Company, Inc. (Williams Brothers), has filed a motion to dismiss this appeal for want of jurisdiction and for failure to timely file a statement of facts. We deny the motion.

Following a jury trial, the trial court granted Williams Brothers' "defendant's motion for judgment notwithstanding the verdict, or, in the alternative, motion to disregard jury findings," and signed its final take-nothing judgment on February 12, 1993. The Ramirezes then filed a motion captioned "plaintiffs' motion to modify and/or vacate judgment" 28 days later, on March 12, 1993, while the trial court still had plenary power, under TEX.R.CIV.P. 329b(d), to change its judgment. In their motion, the Ramirezes asserted that they had been unable to respond to Williams Brothers' motion because they had not been notified of an oral or submission hearing date; contended that judgment should have been entered on the jury findings; and, on those bases, asked the trial court to reform or vacate its February 12 judgment.

The Ramirezes filed their appeal bond on May 12, 1993, the eighty-ninth day following the signing of the judgment. Williams Brothers contends that the Ramirezes' appeal bond was untimely because their motion to modify and/or vacate judgment did not extend the appellate timetable under TEX. R.CIV.P. 329b(g) and TEX.R.APP.P. 41(a). Williams Brothers relies upon *First Freeport National Bank v. Brazoswood National Bank,* 712 S.W.2d 168 (Tex.App.—Houston [14th Dist.] 1986, no writ).

In *First Freeport,* the Fourteenth Court of Appeals held that First Freeport Bank's motion, captioned as a motion to modify the trial court's judgment, was in substance a motion

for judgment notwithstanding the verdict, because it sought such a degree of modification that the original judgment for Brazoswood Bank would become a judgment in favor of First Freeport Bank, and, therefore, an entirely different judgment. 712 S.W.2d at 170. The court then concluded that, because a judgment notwithstanding the verdict is not one of those motions enumerated by Tex.R.Civ.P. 329b to extend the appellate timetable, First Freeport Bank's motion did not do so, and its appeal bond, filed on the sixty-seventh day after the trial court signed its judgment, was untimely.[1]

 We see no significant distinction between this case and *First Freeport*. Like the motion at issue in *First Freeport*, the Ramirezes' motion sought a new judgment in their favor, to supplant the original judgment against them. We are not persuaded by the reasoning of *First Freeport*, however, and, accordingly, we decline to follow it. We conclude, as have the Dallas, Corpus Christi, San Antonio, and Austin Courts of Appeals, that any post-judgment motion which, if granted, would result in a substantive change in the original judgment, extends the time for perfecting the appeal. *U.S. Fire Ins. Co. v. State*, 843 S.W.2d 283, 284 (Tex.App.—Austin 1992, writ denied); *Miller Brewing Company v. Villarreal*, 822 S.W.2d 177, 179 (Tex.App.—San Antonio 1991), *rev'd on other grounds*, 829 S.W.2d 770 (Tex.1992); *Home Owners Funding Corp. v. Scheppler*, 815 S.W.2d 884, 887 (Tex.App.—Corpus Christi 1991, no writ); *Brazos Electric Power Co-Op, Inc v. Callejo*, 734 S.W.2d 126, 129 (Tex.App.—Dallas 1987, no writ). Here, the Ramirezes' motion clearly requested a substantive change in the original judgment, and extended the appellate timetable. The Ramirezes' appeal bond filed on May 12, 1993, was timely, and properly perfected the appeal.

Williams Brothers also moves to dismiss this appeal for failure to timely file a statement of facts. However, the Ramirezes' motion also extended the deadline to file the statement of facts, and ultimately the statement of facts was timely filed here.[2]

Appellee's motion to dismiss this appeal is **DENIED**.

---

1. There is no material difference between Tex. R.Civ.P. 356(a), which governed the timeliness of First Freeport's appeal bond, and present-day Tex.R.App.P. 41(a), which governs the timeliness of the Ramirezes' appeal bond here.

2. The last day to file the statement of facts was Monday, June 14, 1993. Tex.R.App.P. 54(a), 5(a); Tex.Rev.Civ.Stat.Ann. art. 4591.2, sec. 1 (Vernon Pamph.1993). On June 18, 1993, the Ramirezes timely moved for an extension of time to file the statement of facts. Tex.R.App.P. 54(c). On July 1, 1993, this Court granted such an extension, and a statement of facts received June 30, 1993 was deemed timely filed as of July 1, 1993.