TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00039-CV







Jaime Dominguez, Appellant



v.



Winn Dixie Texas, Inc., Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT,


NO. B-94-0218-C, HONORABLE BARBARA WALTHER, JUDGE PRESIDING







PER CURIAM


 Appellant Jaime Dominguez appeals from a take-nothing judgment rendered in
favor of appellee Winn Dixie Texas, Inc. Dominguez timely filed two documents, a notice of
appeal and a motion for production of transcript after hearing, which could be construed as
defective perfecting instruments. See Tex. R. App. P. 41 (a)(1). The transcript reflects that
Dominguez is not a person who may perfect an appeal by filing only a notice of appeal. See Tex.
R. App. P. 40(a)(2). The Clerk of this Court advised Dominguez that, under Linwood v. NCNB
Texas, 885 S.W.2d 102 (Tex. 1994), he had the opportunity to amend the defective instruments
by filing an appropriate perfecting document with the district clerk by February 20, 1995. (1)

 Dominguez has replied that he cannot amend the notice of appeal, (2) and to date, the
transcript has not been supplemented with an amended instrument. Winn Dixie has filed a motion
to dismiss for want of jurisdiction. See Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978)
(Cost bond is necessary and jurisdictional step in taking appeal.). We grant the motion and
dismiss the appeal for want of jurisdiction. (3)


Before Justices Powers, Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: March 8, 1995

Do Not Publish

1.   The judgment was signed on November 22, 1994. On December 12, 1994,
Dominguez filed a document entitled "Motion for Reconsider Summary Judgment." The
motion was one which, if granted, would have resulted in a substantive change in the
judgment and so extended the appellate timetables. See Tex. R. Civ. P. 329(b)(g); U.S.
Fire Ins. v. State, 843 S.W.2d 283, 284 (Tex. App.--Austin 1992, writ denied) (any post-judgment motion which, if granted, would result in a substantive change in the judgment as
entered, extends the time for perfecting the appeal).
2.   Dominguez states that he cannot amend his notice of appeal because he is in jail,
without counsel, and without access to a law library.
3.   Dominguez can seek reinstatment of the appeal by (1) filing an affidavit of inability
to pay with the trial court, giving notice of the filing of the affidavit to the court reporter
and to the opposing party as required by Texas Rule of Appellate Procedure 40(a)(3)(B),
and (2) filing a motion for rehearing in this Court within fifteen days of the day this
opinion and judgment are issued pursuant to Texas Rule of Appellate Procedure 100(a),
(g).