**Pedro BAZAN, Appellant,**

v.

**Diana CANALES, et al., Appellees.**

**No. 13–04–209–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 24, 2006.

---

Pedro Bazan, Tennesee Colony, pro se.

Leo Montalvo, Montalvo & Ramirez, McAllen, for appellee.

Before Chief Justice VALDEZ and Justices YAÑEZ and CASTILLO.

## OPINION

Opinion by Chief Justice VALDEZ.

Appellant, Pedro Bazan, brings a restricted appeal of a dismissal for want of prosecution entered by the trial court. TEX.R.APP. P. 30. By three points of error, Bazan claims that: (1) he is entitled to a complete and accurate record on appeal; (2) the trial court erred by failing to consider and rule on his Rule 306a motion and motion to reinstate, including failing to set an oral hearing and grant said motions;

and (3) the trial court erred in dismissing the case for want of prosecution because the court had decided the merits of the case and refused to sign a final judgment. No response to Bazan's appeal was filed. We reverse the trial court's dismissal for want of prosecution and remand to the trial court for further proceedings.

## I. Procedural Facts and Background

On May 13, 1994, Pedro Bazan filed a personal injury lawsuit against Diana V. de Canales, individually, and as owner of Diana's Interiors, and against Stylianos Vackimes. Both defendants answered. A hearing was held on September 9, 1994, at which Bazan and his counsel were the only attendees. At the hearing, Bazan testified that he suffered a back injury on de Canales's property. Bazan stated that while he was moving a washer and dryer to the second floor of de Canales's building, the staircase broke and, as a result, he sustained a back injury. While Bazan gave some testimony regarding damages, his counsel insisted that the court rule only on liability; Bazan's attorney stated that damages would be presented later. The court orally granted a default judgment to Bazan against de Canales on liability and a severance as to Stylianos Vackimes. The clerk's record does not include a severance order but does include an order nonsuiting Vackimes, signed on April 24, 1996.

On September 23, 1999, a second hearing was held. Again, only Bazan and his counsel appeared. At this hearing, Bazan testified that he had suffered a lower back injury and as a result of the injury, had sustained medical expenses in excess of $7,000. Nine exhibits relating to Bazan's medical expenses were admitted into evidence; however, they are not in court reporter's record. Bazan asked the court to award him damages for his (1) medical expenses; (2) past, present, and future pain and suffering in the amount of $250,000; (3) emotional distress in the amount of $750,000; (4) lost wages in the amount of $100,000; and (5) future medical expenses in the amount of $20,000. The court orally granted a default judgment for the damages in the amounts that Bazan stated and asked Bazan's counsel to provide the court with an order. The clerk's record contains no such order.

On December 5, 2003, the court signed an order of dismissal for want of prosecution. Neither a pre-dismissal notice nor a post-dismissal notice are in the clerk's record. The next entry in the clerk's record is a letter, dated December 15, 2003, from Bazan to the trial judge requesting a final written order on the case. Bazan's letter advised the court that he had removed his trial counsel and intended to proceed *pro se.* On March 22, 2004, Bazan filed two motions with the trial court. The first motion is titled "Plaintiff's notice of the actual date he acquired knowledge of the judgment for dismissal, and motion to apply paragraph 4 of Rule 306a." The second motion is simply titled, "Plaintiff's motion to reinstate." Both motions are verified by Bazan and state that he did not receive notice of the trial court's intent to dismiss his action. Nor did he receive notice of dismissal after it was signed. According to Bazan, he first received notice of the dismissal on March 10, 2004, when he received an order from this Court dismissing a petition for writ of mandamus for want of jurisdiction.[1]

## II. Analysis

To prevail on his restricted appeal, Bazan must establish that: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was

---

1. Cause No. 13–04–00043–CV was dismissed for want of jurisdiction on March 5, 2004.

a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R.APP. P. 26.1(c), 30; *Quaestor Invs., Inc. v. State of Chiapas,* 997 S.W.2d 226, 227 (Tex.1999). Only the fourth element is at issue.

In reviewing the record, this Court's attention is drawn to two hearings held on September 9, 1994 and April 23, 1999. At the 1994 hearing, the trial court orally pronounced a default judgment in favor of Bazan on the liability issue of his cause of action. *See* TEX.R. CIV. P. 239. At the 1999 hearing, Bazan testified as to the damages he had sustained and offered several exhibits to the court.[2] A default judgment was orally pronounced in favor of Bazan "on damages in the amount requested by the plaintiff." The trial court then asked Bazan's attorney to provide an order to the court for signature. There is no indication that the trial court intended to take the matter under advisement or render judgment at a later time.

■ A default judgment in favor of Bazan was rendered orally in open court on September 9, 1994 and again on April 23, 1999. Four steps usually occur in the rendition and entry of a judgment: (1) the announcement of the judgment, either orally in open court or by some memorandum filed with the clerk, sometimes called the "rendition;" (2) the notation on the docket; (3) the signing of the judgment, also sometimes called "rendition," where the judge signs a written draft of the judgment used to calculate appellate time limits; and (4) entry of the judgment in the court's minutes, where a signed draft of the judgment is placed in the custody of the trial court clerk, sometimes called "filing," and where the clerk places a copy of the judgment in the court's official record, which is its minutes. *See Ortiz v. O.J. Beck & Sons, Inc.,* 611 S.W.2d 860, 863–64 (Tex.Civ.App.-Corpus Christi 1980, no writ); 5 ROY W. MCDONALD & ELAINE A. CARLSON, TEXAS CIVIL PRACTICE § 27:9 (1999); *see also Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 59 (Tex.1970) (A judgment is rendered whenever the judge officially announces his decision in open court, or files a memorandum with the clerk.). In Bazan's case, the first step was completed, but steps two through four were not completed when the trial court dismissed the case.

■ The trial court's oral rendition of a default judgment is final because it disposed of all parties and issues and was not modified, corrected, or reformed within the prescribed time. *Cf. Chase Manhattan Bank, N.A. v. Lindsay,* 787 S.W.2d 51, 53 (Tex.1990) (The presumption that a final judgment disposes of all parties and issues before the court after a trial on the merits does not apply to default judgments and summary judgments.); TEX.R. CIV. P. 329b. Before rendering the default judgment, the trial court signed an order nonsuiting Vackimes. At the April 23, 1999 hearing, the trial court orally granted Bazan all of the damages he asked for in his original petition.[3] On the face of the record, all parties and issues in this case were disposed of as of April 23, 1999, the date a final default judgment was rendered.

---

2. Those exhibits are not included in the court reporter's record.

3. In his original petition Bazan prayed for pre- and post-judgment interest along with court costs. However, he did not request such interest or costs at the April 23, 1999 hearing, and, therefore they were not granted in the default judgment.

A trial court cannot dismiss an action for want of prosecution after it has rendered a final judgment. After the judgment becomes final, it can be altered only if the evidence shows that a clerical error, rather than a judicial error, caused the official records of the court to reflect inaccurately the judgment actually rendered. *See Dibrell,* 450 S.W.2d at 56. A trial court cannot dismiss an action for want of prosecution after rendition of a final judgment, because there is nothing left to be done except the memorialization of the judgment. *Williams v. Wyrick,* 151 Tex. 40, 245 S.W.2d 961, 962 (1952); *Flores v. Onion,* 693 S.W.2d 756, 758 (Tex.App.-San Antonio 1985, no writ) (Entry of judgment is merely a ministerial act that furnishes enduring evidence of rendition.).

### III. Conclusion

Without reaching Bazan's other two issues, we reverse the trial court's judgment dismissing the case for want of prosecution and remand for further proceedings consistent with this opinion. TEX.R.APP. P. 47.1; 43.2

Dissenting Opinion by Justice ERRLINDA CASTILLO.

CASTILLO, Justice, dissenting.

Because I would hold that appellant Pedro Bazan has not shown error on the face of the record, an essential requirement of a restricted appeal, I respectfully dissent.[1] *See* TEX.R.APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex.2004) (Schneider, J. dissenting).

### I. Background

The record demonstrates that the trial court ordered Bazan's counsel to submit an order after it heard evidence of damages and pronounced judgment in default. Over nine years later, and ten days after the trial court dismissed the case for want of prosecution, Bazan wrote a letter to the trial court requesting it to "sign final orders so this action can become final." In the same letter he notified the trial court that he had terminated his counsel's representation and was proceeding pro se.[2] He further apprised the trial court that he had requested the reporter's record so that Bazan could prepare the final orders, and, if the trial court had final orders before it, Bazan requested to review them before entry. The record shows that, as of the date of his restricted appeal, Bazan had not complied with the trial court's order to submit an order to memorialize the judgment.

### II. Error on the Face of the Record

#### A. The Trial Court's Inherent Power to Dismiss

A trial court has the inherent power to dismiss a case. *Veterans' Land Bd. v. Williams,* 543 S.W.2d 89, 90 (Tex.1976) (per curiam); *Burton v. Hoffman,* 959 S.W.2d 351, 353 (Tex.App.-Austin 1998, no pet.). In the context of the record before us, dismissal for want of prosecution for failure to comply with a trial court's order

---

1. To prevail on its restricted appeal, a party must establish that (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4)

error is apparent on the face of the record. *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex.2004).

2. Bazan's letter to his counsel states, in part, "You have failed to prosecute this action in a professional manner or to communicate with me regarding this action."

is not an abuse of discretion.[3] *See id. passim; Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex.1990); *Kutch v. Del Mar College*, 831 S.W.2d 506, 509–10 (Tex.App.-Corpus Christi 1992, no writ) (holding that trial courts have the power to sanction parties for bad faith abuse of the judicial process not covered by rule or statute); *see also Public Util. Comm'n v. Cofer*, 754 S.W.2d 121, 124 (Tex.1988) (recognizing the inherent power of courts to ensure an adversarial proceeding); *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398–99 (Tex. 1979) (recognizing that a court has inherent power "which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity").

The inherent judicial power of a court is not derived from legislative grant or specific constitutional provision, but from the very fact that the court has been created and charged by the constitution with certain duties and responsibilities. *Id.* at 398. The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity. *Id.* In the exercise of its discretion, the trial court is not limited to considering only the specific violation committed but is entitled to consider other matters which have occurred

during the litigation. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985) (holding that, in exercising its discretion in choosing the appropriate sanction, the trial court is not limited to considering only the specific violation committed but is entitled to consider other matters which have occurred during the litigation); *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984). The power to compel compliance with valid orders incident to the administration of justice is fundamental, and closely related to the core functions of the judiciary. *Kutch*, 831 S.W.2dat 510.

In this case, Bazan filed suit on May 13, 1994. Four months later, a default judgment was pronounced on the question of liability. Five years later, a default judgment was pronounced on the question of damages and the trial court ordered Bazan to submit the order. Four years after that, Bazan had not complied with the trial court's order to submit an order. On this record, the trial court was entitled to find that Bazan's failure over a four year period to provide the requested order was one of willful disobedience or conscious indifference to its lawful order. *See Mackie*, 796 S.W.2d at 704. Thus, Bazan has not demonstrated error on the face of the record. *Lynda's Boutique*, 134 S.W.3d at 848.

3. The test for determining if the trial court abused its discretion is whether the trial court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). If the trial court acts in an arbitrary or unreasonable manner, it abuses its discretion. *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex.1989); *Downer*, 701 S.W.2d at 241–42; *Kutch v. Del Mar College*, 831 S.W.2d 506, 508 (Tex.App.-Corpus Christi 1992, no writ). The trial court does not necessarily abuse its discretion if under the same facts an appellate judge would decide the matter differently, or if the court commits a mere error in judgment. *Loftin*, 776 S.W.2d at 146; *Downer*, 701 S.W.2d at 242; *Sw. Bell Tel. v. Johnson*, 389 S.W.2d 645, 648 (Tex.1965). This court will reverse a trial court's rulings if it abuses its discretion and the error is harmful. Tex. R.App. P. 44.1(a); *see generally Landon v. Jean-Paul Budinger, Inc.*, 724 S.W.2d 931, 935–36 (Tex.App.-Austin 1987, no writ) (discussing the standard). A reviewing court cannot conclude that a trial court abused its discretion simply because, in the same circumstances, it would have ruled differently, or because the trial court committed a mere error in judgment. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *Loftin*, 776 S.W.2d at 146.

### B. The Trial Court's Power to Dismiss for Want of Prosecution

I conclude that the error is not shown on the face of the record on the question of due diligence. *See id.* When reviewing a judgment dismissing a case for want of prosecution, the primary issue is whether the plaintiff exercised reasonable diligence. *Veterans' Land Bd. v. Williams,* 543 S.W.2d 89, 90 (Tex.1976) (per curiam). In evaluating diligence, a district court is entitled to consider the entire history of the case. *MacGregor v. Rich,* 941 S.W.2d 74, 75; *State v. Rotello,* 671 S.W.2d 507, 509 (Tex.1984). Factors generally considered by the trial court before dismissing a case include (1) the length of time the case has been on file, (2) the extent of activity in the case, (3) whether a trial setting was requested, and (4) the existence of reasonable excuses for the delay. *MacGregor,* 941 S.W.2d at 75–76; *Rotello,* 671 S.W.2d at 509. A decision to dismiss for want of prosecution is fact-specific and should be based on an evaluation of all the circumstances of a case. *Rotello,* 671 S.W.2d at 509.

In this case, Bazan's case was on the trial court's docket for nine years without entry of a final judgment. On these facts, due diligence is not demonstrated. *MacGregor,* 941 S.W.2d at 75–76; *Rotello,* 671 S.W.2d at 509. Consequently, Bazan has not shown and error is not apparent on the face of the record before us. *See Lynda's Boutique,* 134 S.W.3d at 848.

### C. Direct Appeal

On still another ground, I would hold that Bazan has not demonstrated he is entitled to a restricted appeal. *See* Tex. R.App. P. 26.1, 30; *Lynda's Boutique,* 134 S.W.3d at 848. Ten days after the complained-of dismissal order, Bazan filed a pro se letter requesting the trial court enter a final written order. I would construe the letter as a post-trial motion to modify. *Home Owners Funding Corp. v. Scheppler,* 815 S.W.2d 884, 887 (Tex.App.-Corpus Christi 1991, no writ) (holding that we construe the rules liberally and look only to the effect if the instrument's request was granted). If granted, the requested motion would have resulted in a modified judgment. Thus, Bazan's post-trial motion is one contemplated by rule 329b. *See* Tex.R. Civ. P. 329b; *Scheppler,* 815 S.W.2d at 887 (citing *Brazos Electric Power Co-op., Inc. v. Callejo,* 734 S.W.2d 126, 128 (Tex.App.-Dallas 1987, no writ)). The timely-filed post-trial motion specifically requests a modification of a judgment and, thus, extended the trial court's plenary jurisdiction. *See* Tex.R. Civ. P. 329b(g). However, Bazan filed his notice of appeal 126 days after his timely-filed post-trial motion, beyond the trial court's plenary jurisdiction. *See id.; In the Interest of K.A.F.,* 160 S.W.3d 923, 927 (Tex.2005) ("A court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction."). Because his direct appeal of the dismissal order is untimely, Bazan is not entitled to review by restricted appeal. *See* Tex. R.App. P. 26.1, 30; *Lynda's Boutique,* 134 S.W.3d at 848.

### III. Conclusion

Because I conclude that Bazan has not demonstrated the requisites for review by restricted appeal, I respectfully dissent.