**FAIRFIELD ESTATES L.P.**
**et al, Appellants,**

v.

**Mary GRIFFIN et al, Appellees.**

**No. 11–97–00410–CV.**

Court of Appeals of Texas,
Eastland.

Jan. 14, 1999.

Michael A. Dover, William L. Wolf, William L. Wolf, P.C., Dallas, for appellant.

Randall C. Reed, Weiner, Glass & Reed, L.L.P., Dallas, Kent F. Brooks, Law Office of Kent F. Brooks, Dallas, for appellee.

Before ARNOT, C.J., and WRIGHT, J., and DICKENSON, Senior Justice.*

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. The Griffins have filed a voluntary remittitur of $50,000, thereby reducing their recovery to $100,000.

2. While this case was pending on appeal, the trial court attempted to modify its permanent injunction, and the Griffins secured a writ of

## OPINION

BOB DICKENSON, Senior Justice (Retired).

Plaintiffs, Mary Griffin and her husband, Henry Griffin, sued for damages to their property, and Mary also sued as independent executrix of the estates of her deceased parents for damage to the property owned by those estates. Plaintiffs claimed that their damages were caused by defendants, Fairfield Estates L.P. and Fairest, Inc., when those defendants diverted the natural flow of surface water. Plaintiffs also sought injunctive relief. Following a trial by jury, the trial court rendered judgment that plaintiffs recover $150,000 for the damage to their property,[1] that the two estates recover $25,000, and that defendants be permanently enjoined from "any alteration of the terrain" on defendants' property.[2] We affirm the damage awards; we reverse the permanent injunction and remand that portion of the cause.

### Issues Presented

Defendants bring seven issues. First, they argue that the judgment for the two estates is improper because the estates' property is not "adjacent to" defendants' property, and defendants argue that this is a requirement of the statute under which this cause of action was brought. Next, defendants argue in Issues Nos. 2 and 3 that there is "no evidence" to support the award of damages to the estates or to the Griffins individually. Then, defendants argue in Issues Nos. 4 and 5 that the evidence is "factually insufficient" to support the findings that they diverted surface water and the amount of damages which the jury found. Defendants argue in their next issue that the trial court erred by granting an injunction which was "overly-broad." Finally, defendants ar-

mandamus from this court to prevent the trial court from altering its injunction while the cause was pending on appeal. The motion for rehearing in that cause, In re Mary Griffin and Henry Griffin et al., No. 11–98–00110–CV (Tex.App.—Eastland, July 30, 1998)(not published), has remained pending while this cause was under submission. It will now be overruled as moot. See TEX.R.APP.P 47.1.

gue in their last issue that the trial court abused its discretion in refusing to instruct the jury regarding the appropriate measure of damages.

## Background Facts

Fairest, Inc. is the general partner of Fairfield Estates L.P. The partnership purchased 92 acres of undeveloped land in Collin County in February of 1996. The Griffins own a 5–acre tract which is adjacent to the Fairfield tract. Mary's parents[3] owned approximately 33 acres which were adjacent to the 5–acre tract; however, the 33–acre tract was not adjacent to the Fairfield tract. Surface water naturally drained off the tract acquired by Fairfield onto the Griffins' tract and then onto the 33–acre tract. Even before the development of the Fairfield property, other upstream developments had increased the water flow onto and across the 5–acre tract and the 33–acre tract. When Fairfield began construction on its Phase I (covering approximately one-third of its 92–acre tract), there was a noticeable increase in the water flow onto and across the 5–acre tract and the 33–acre tract. Plaintiffs then brought this suit to recover damages and to secure an injunction to prevent the diversion of surface water onto their property. Defendants filed a counterclaim against plaintiffs, alleging that plaintiffs had damaged defendants' property, that plaintiffs had interfered with defendants' use of their property, and that plaintiffs had trespassed upon defendants' property.

## The Jury's Verdict

We have omitted the instructions and definitions which were included in the charge, and we have also omitted the questions and answers which rejected defendants' counterclaim because none of the issues on appeal refer to the counterclaim. The jury's answers which support the trial court's judgment and the questions which were answered are shown below:

**3.** John Haden Standerfer, Jr. and Patsy Standerfer are now deceased, and Mary is the independent executrix of both estates.

[1]  Do you find that the Defendants diverted the natural flow of surface waters in a manner that damaged the property of Plaintiffs?

The Griffin Property:   Yes  .

The Estate Property:   Yes  .

[2]  What sum of money, if any, do you find would fairly and reasonably compensate Plaintiffs for their losses, if any, resulting from the diversion, if any, by Defendants?

The Griffin Property:   $150,000.00  .

The Estate Property:   $ 25,000.00  .

[3a]  Do you find that Plaintiffs' property will be damaged in the future by the diversion of natural surface water from the development of Phases II and III by Defendants?   Yes  .

[3b]  Do you find that the construction of detention ponds as reflected by Defendants' Exhibit 12 and Plaintiffs' Exhibit 55 will prevent the damage you have found in your answer to question no. 3a?   Yes  .

## Coterminous Requirement

■  Defendants argue in their first issue on appeal that the estates' property is not adjacent to the Fairfield property and that TEX. WATER CODE ANN. § 11.086 (Vernon 1988) limits recovery to owners of property adjacent to defendants' property. We do not agree that Section 11.086 is limited to the owners of adjacent property. The relevant subsections of that statute read in full as shown:

(a) No person may divert or impound the natural flow of surface waters in this state, or permit a diversion or impounding by him to continue, *in a manner that damages the property of another* by the overflow of the water diverted or impounded.

(b) *A person whose property is injured by an overflow of water* caused by an unlawful diversion or impounding has remedies at law and in equity and may recover damages occasioned by the overflow. (Emphasis added)

Defendants cite two cases in support of their argument that this statute limits recovery to adjoining landowners. Those cases are *Bily v. Omni Equities, Inc.*, 731 S.W.2d 606, 610 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.), and *Scott v. King*, 647 S.W.2d 394, 397 (Tex.App.—Dallas 1983, no writ). *Bily* cites *Kraft v. Langford*, 565 S.W.2d 223, 229 (Tex.1978), which quotes from *Miller v. Letzerich*, 121 Tex. 248, 49 S.W.2d 404 (Tex.1932), where the court said that an earlier version of this statute "gave a cause of action where the owner of one estate so used his property as to injure an *adjacent* tenement." We note that the Supreme Court in *Miller* also states:

> [I]t is apparent when one wrongfully diverts surface water and causes it to flow over another's land, causing damage, his acts are within the prohibitory terms of the statute, and a cause of action arises.

*Miller v. Letzerich*, supra at 414.

It seems clear to us that *Miller* did not limit the cause of action to owners of adjacent property and that the cause of action can be asserted by any downstream property owners who can prove that the wrongful diversion of surface water caused damage to their property. In *Kraft*, the court noted that the statute created a statutory cause of action "in favor of property owners whose property has been injured" by a diversion of the natural flow of surface water. In *Kraft*, the court held that the statute did not apply to persons who were not the "proprietors of land" which had been injured by the unlawful diversion or impounding of surface water.

We do not agree with the statement in *Bily* that the statutory action under Section 11.086 "can only be brought against the owner of the coterminous estate." In that case, the defendant was the owner of the coterminous estate. The issue now before us was not before the *Bily* court for decision. In *Scott*, the court held that a landowner could be enjoined from diverting the natural flow of surface water onto "an adjoining landowner." The *Scott* court did not discuss whether

a non-adjoining landowner could secure relief under the statute.

As we read the statute, Section 11.086(a) says that "[n]o person may divert or impound the natural flow of surface waters ... in a manner that damages the property of another." The prohibition is applicable whether the damaged property is adjacent or not. Further, we note that Section 11.086(b) provides that "[a] person whose property is injured by an overflow of water caused by an unlawful diversion ... may recover damages." There is no requirement under the statute for the property to be adjacent to the property of the "person" who violated the statute which prohibits the unlawful diversion or impoundment of surface water. The first issue presented for review is overruled.

### *"Legal Sufficiency" of Evidence*

█ In the second and third issues, defendants argue that the evidence is "legally insufficient" to support the damages awarded to the plaintiffs. In order to review these contentions, we must consider only the evidence and inferences that tend to support the findings, disregarding any evidence or inferences to the contrary. If there is any evidence of probative value to support the findings, the issues presented must be overruled. *Juliette Fowler Homes, Inc. v. Welch Associates, Inc.*, 793 S.W.2d 660, 666 (Tex.1990); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (Tex.1951).

We hold that plaintiffs presented some evidence to support the award of damages. In Question No. 2, the jury was asked to determine the amount of money that would fairly and reasonably compensate plaintiffs for their losses from defendants' diversion of surface water. The jury charge did not contain any further instructions concerning damages or the proper measure of damages.[4] There is evidence in the record that defendants' construction caused the amount of surface water flowing over plaintiffs' property to increase and that the back half of the Griffins' property stayed wet from August 1996 through June 1997. There is also evidence

---

**4.** For the law regarding the appropriate measure of damages, see *Kraft v. Langford*, supra at 227, and *North Ridge Corporation v. Walraven*, 957 S.W.2d 116, 119 (Tex.App.—Eastland 1997, writ den'd).

that the excess water caused erosion to the Griffins' property and caused a "tremendous amount of erosion" to the estates' property. After defendants began developing their property, the excess surface water running onto the estates' property caused water to top the dam and caused unprecedented flooding "[a]bout knee deep." Plaintiffs produced photos and a videotape of the flooding after a rain. Henry testified that, after a two-inch rain on May 19, 1997, approximately three acres of the Griffins' property and four acres of the estates' property were flooded.

■ Henry further testified that, prior to the increase in surface water, he was asking $40,000 per acre for the five-acre lot and that, in his opinion, the back half of the property is now "virtually" worthless. A property owner may testify as to his estimate of the market value of his property. *Redman Homes, Inc. v. Ivy*, 920 S.W.2d 664, 669 (Tex.1996); see also *Porras v. Craig*, 675 S.W.2d 503, 504 (Tex.1984). Thus, there is some evidence to support the award of $100,-000 in damages to the Griffins and the award of $25,000 in damages to the estates. The second and third issues presented for review are overruled.

### "Factual Sufficiency" of Evidence

■ In the fourth and fifth issues, defendants challenge the "factual sufficiency" of the evidence in support of the jury's finding that defendants diverted surface water and in support of the damages awarded to the Griffins. Defendants, however, have not preserved these issues for review. A challenge to the factual sufficiency of the evidence must be raised in a timely-filed motion for new trial. TEX.R.CIV.P. 324(b)(2). Defendants' motion for new trial was not timely. Defendants timely filed a post-judgment motion for judgment notwithstanding the verdict that attacked the legal sufficiency of the evidence and that functioned to extend the time for filing their notice of appeal. *Ramirez v. Williams Brothers Construction Company, Inc.*, 870 S.W.2d 551, 552 (Tex. App.—Houston [1st Dist.] 1993, no writ); *United States Fire Insurance Company v. State*, 843 S.W.2d 283, 284 (Tex.App.—Austin 1992, writ den'd); *Home Owners Funding*

*Corporation of America v. Scheppler*, 815 S.W.2d 884, 887 (Tex.App.—Corpus Christi 1991, no writ); *Brazos Electric Power Cooperative, Inc. v. Callejo*, 734 S.W.2d 126, 129 (Tex.App.—Dallas 1987, no writ). The fourth and fifth issues presented for review are overruled.

### Injunctive Relief

■ In the sixth issue, defendants complain of the overly-broad injunctive relief granted by the trial court. The injunction reads in part that defendants are:

[C]ommanded to desist and refrain from . . . any alteration of the terrain, grading, installation of roads, sanitary sewer, storm sewer, alleys and other facilities in Phases II or III of Fairfield Estates, which phases are the undeveloped portion of that one certain approximately 92 acre tract of land described on Exhibit "A" attached hereto, consisting of approximately 63 acres. (Parenthetical clauses omitted)

Defendants argue that the trial court clearly abused its discretion by including such a broad restraint in the permanent injunction, especially in light of the jury's finding in Question No. 3b that "the construction of detention ponds" on defendants' property "will prevent" the damages that would be caused by development of Phases II and III.

■ A trial court generally possesses great discretion in issuing an injunction. However, a trial court abuses its discretion by entering an "overly-broad" injunction which grants "more relief" than a plaintiff is entitled to by enjoining a defendant from conducting lawful activities or from exercising legal rights. The *Republican Party of Texas v. Dietz*, 940 S.W.2d 86, 93 (Tex.1997); *Villalobos v. Holguin*, 146 Tex. 474, 208 S.W.2d 871, 875 (Tex.1948); *Ghidoni v. Stone Oak, Inc.*, 966 S.W.2d 573, 583 (Tex.App.—San Antonio 1998, no writ).

We hold that the trial court abused its discretion by issuing an overly-broad injunction. The trial court properly enjoined defendants from violating Section 11.086. However, the complained-of portion of the injunction is so broad that it improperly enjoins all development of the 63 acres. More-

over, it appears from the record that the trial court subsequently ordered that a special master be appointed to assist the court in overseeing the injunction, including the construction of retention ponds to control the surface water.[5] The sixth issue presented for review is sustained.

### Jury Instruction on Damages

 In the final issue, defendants contend that the trial court abused its discretion in refusing to submit an instruction in the jury charge regarding the appropriate measure of damages. Where the jury charge contains no instruction regarding the legal measure of damages, the complaining party must tender a written request in substantially correct form. TEX.R.CIV.P. 278; *Harris County Flood Control District v. Glenbrook Patio-home Owners Association*, 933 S.W.2d 570, 580 (Tex.App.—Houston [1st Dist.] 1996, writ den'd); *Texas Commerce Bank Reagan v. Lebco Constructors, Inc.*, 865 S.W.2d 68, 75 (Tex.App.—Corpus Christi 1993, writ den'd). The record shows that, at the jury charge conference, defendants objected to the lack of an instruction on the measure of damages and requested an instruction on temporary damages. However, the record contains only an oral request, not a written request. Because defendants' request was not made "in writing," it was waived. Rule 278; *Woods v. Crane Carrier Company, Inc.*, 693 S.W.2d 377, 379 (Tex.1985); *Jarrin v. Sam White Oldsmobile Co.*, 929 S.W.2d 21, 25 (Tex. App.—Houston [1st Dist.] 1996, writ den'd); *Motsenbocker v. Potts*, 863 S.W.2d 126, 139 (Tex.App.—Dallas 1993, no writ); *Texas Animal Health Commission v. Miller*, 850 S.W.2d 254, 255 (Tex.App.—Eastland 1993, writ den'd). The seventh issue presented for review is overruled.

### This Court's Ruling

The judgment of the trial court is affirmed insofar as it awards damages in the amount of $100,000 to Mary Griffin and Henry Griffin and insofar as it awards damages in the amount of $25,000 to the two estates. The judgment of the trial court is reversed insofar as it enjoins defendants from "any altera-

tion of the terrain" on their property, and the injunction portion of this cause is remanded to the trial court.