11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Larry Damron
and Stephenville Veterinary Hospital, Inc.

Appellants

Vs.      
            No. 11-01-00355-CV  -- 
Appeal from Comanche County

Paul Heath
Till and Jacquelyn Till

Appellees

 

This case
involves a dispute over the building of a tank dam along the boundary line
between adjoining landowners.  Paul
Heath Till and Jacquelyn Till sued Larry Damron and Stephenville Veterinary
Hospital, Inc. for damages caused by trespass and the diversion of water, for
exemplary damages, and for a permanent injunction.  After a nonjury trial, the trial court awarded the Tills
$3,650.00 for the trespass, $500.00 for the new ravine caused by the diversion
of water, $3,000.00 for attorney=s fees, and $4,871.25 for surveying costs.  The trial court also granted injunctive relief, thereby ordering
the defendants to remove the dam located on the boundary line.  We affirm. 


The
defendants present seven issues for review. 
In the first and second issues, they contend that the trial court abused
its discretion with respect to the injunction by ordering them to Acompletely remove and destroy the earthen
dam.@ 
Under these issues, the defendants assert that the evidence is legally
and factually insufficient to show that the Tills would suffer a serious
injury.  We note that no findings of
fact were filed in this case and that, although the defendants requested
findings of fact and conclusions of law, they did not timely file a notice of
past-due findings of fact and conclusions of law.  See TEX.R.CIV.P. 297; see also Las Vegas Pecan & Cattle
Company, Inc. v. Zavala County, 682 S.W.2d 254, 255-56 (Tex.1984).  Consequently, all findings of fact necessary
to support the trial court=s judgment will be implied. 
Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex.1989).  








An
injunction is an equitable remedy that is available for a violation of
statutory water rights under TEX. WATER CODE ANN. ' 11.086 (Vernon 2000).  Tucker v. Graham, 878 S.W.2d 681, 683
(Tex.App. - Eastland 1994, no writ); see Kraft v. Langford, 565 S.W.2d 223
(Tex.1978); Miller v. Letzerich, 49 S.W.2d 404 (Tex.1932); Nichols v. Culver,
466 S.W.2d 671 (Tex.Civ.App. - Eastland 1971, writ ref=d n.r.e.). 
Section 11.086 provides in part: 

(a)  No person may divert or impound the natural
flow of surface waters in this state, or permit a diversion or impounding by
him to continue, in a manner that damages the property of another by the
overflow of the water diverted or impounded. 


(b)  A person whose property is
injured by an overflow of water caused by an unlawful diversion or impounding
has remedies at law and in equity and may recover damages occasioned by the
overflow.  

Furthermore, an
injunction is also an appropriate remedy for a trespass that interferes with
the possession of one=s
land.  City of Arlington v. City of Fort
Worth, 873 S.W.2d 765, 769 (Tex.App. - Fort Worth 1994, writ dism=d w.o.j.). 


In this
case, the injunctive relief ordered by the trial court reads as follows:  

IT IS
ORDERED, ADJUDGED, AND DECREED that Defendants...be, and hereby [are],
commanded to remove the dam located along the boundary line between Plaintiffs
and Defendants so as to comply with Section 11.086 of the Texas Water Code so
that the water will return to its natural drainage before entering Plaintiffs= property. 

The trial court further
described the dam as being located on both the defendants= and the Tills= property, thereby constituting a trespass.  

The record
shows that, after being told by Paul Till to leave the fence alone and stay off
the Tills= property, Damron hired a contractor to build
a dam along the boundary line between the defendants= property and the Tills= property. 
The dam dammed up two ravines that crossed onto and flowed into the
Tills= property. 
A licensed land surveyor testified that the foot of the dam crossed over
onto the Tills= property Aanywhere from four feet to eight feet.@  The evidence was undisputed
that the dam diverted and blocked the natural flow of water.  The spillway was located so that water would
drain onto the Tills=
property at a different location, which, according to the defendants= evidence, is a Abetter@ location.  There was also
evidence that the dam caused new erosion on the Tills= property and also caused a new ravine to be
formed on their property.  








We hold
that the evidence is sufficient to support the trial court=s implied findings that the defendants
diverted the natural flow of water, causing damage to the Tills= property, and that the defendants trespassed
upon the Tills= property. 
Contrary to the defendants= assertion, Section 11.086 does not require that the injury be Aserious@ in order for an injunction to be appropriate.  See Kraft v. Langford, supra at 228-29;
Miller v. Letzerich, supra at 414; Langford v. Kraft, 498 S.W.2d 42
(Tex.Civ.App. - Beaumont 1973, writ ref=d n.r.e.); Red Lake Fishing & Hunting Club v. Burleson, 219 S.W.2d
115 (Tex.Civ.App. - Waco 1949, writ ref=d).  But Cf. Nolte Irr. Co. v.
Willis, 180 S.W.2d 451 (Tex.Civ.App. - Amarillo 1944, writ ref=d w.o.m.)(upholding the denial of an
injunction where the injury was not serious). 
Moreover, even if, as the defendants assert, a serious injury is required
in order for an injunction to be proper, such a finding would be supported by
the circumstances in this case.  

Generally,
a trial court possesses great discretion in issuing an injunction.  A trial court may, however, abuse its
discretion by entering an overly broad injunction that grants "more
relief" than a plaintiff is entitled to and that enjoins a defendant from
conducting lawful activities or from exercising legal rights.  The Republican Party of Texas v. Dietz, 940
S.W.2d 86, 93 (Tex.1997); Villalobos v. Holguin, 208 S.W.2d 871, 875
(Tex.1948); Fairfield Estates L.P. v. Griffin, 986 S.W.2d 719, 723 (Tex.App. -
Eastland 1999, no pet=n).  We do not interpret the trial court=s injunction as broadly as the defendants
do.  The injunctive language does not
require the defendants to completely remove and destroy the dam, and it does
not prohibit the existence of a compliant dam. 
Cf. Fairfield Estates L.P. v. Griffin, supra.  Rather, we interpret the injunction to require the removal of the
dam from the boundary line and to require compliance with Section 11.086.  We hold that the trial court did not abuse
its discretion in issuing the injunction. 
The first and second issues are overruled. 








In their
third and fourth issues, the defendants contend that the trial court erred in
rendering judgment against Stephenville Veterinary Hospital, Inc. because the
evidence is legally and factually insufficient to show that the hospital is
liable to appellees.  We must review the
trial court=s implied findings the same as we would jury
findings or a trial court=s written findings of fact. 
Roberson v. Robinson, supra.  In
order to address the no‑evidence argument, we must consider only the
evidence and inferences that tend to support the finding, disregarding any
evidence or inferences to the contrary. 
If there is any evidence of probative force to support the finding, the
no-evidence point must be overruled. 
Juliette Fowler Homes, Inc. v. Welch Associates, Inc., 793 S.W.2d 660
(Tex.1990); In re King's Estate, 244 S.W.2d 660 (Tex.1951); see also Merrell
Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.1997), cert.
den=d, 523 U.S. 1119 (1998).  In
order to determine if the evidence is factually sufficient, we must review all
of the evidence and determine whether the challenged finding is so against the
great weight and preponderance of the evidence as to be manifestly unjust.  Pool v. Ford Motor Company, 715 S.W.2d 629
(Tex.1986); In re King's Estate, supra. 


The record
shows that, although Damron hired the contractor to build the dam, the land in
question was actually owned by AStephenville Veterinary Hospital, Inc,@ which in turn was owned by Damron. 
As the record owner of the infringing property, Stephenville Veterinary
Hospital, Inc. is liable to the Tills. 
The third and fourth issues are overruled.  

In their
next two issues, the defendants challenge the legal and factual sufficiency of
the evidence supporting trespass damages of $3,650.00.  When land is damaged, the landowner may
recover damages for either permanent or temporary injuries (but not both)
depending on the nature of the injury. 
Kraft v. Langford, supra at 227. 
The amount of damages for permanent injuries is the difference in the
value of the property before and after the injury; the amount of damages for
temporary injuries is the amount necessary to place the owner of the property
in the same position he occupied prior to the injury.  Kraft v. Langford, supra; see North Ridge Corporation v.
Walraven, 957 S.W.2d 116, 119-20 (Tex.App. - Eastland 1997, pet=n den=d).  








In this
case, it is apparent that the trial court awarded $3,650.00 for temporary,
rather than permanent,[1]
injuries.  In open court, the trial
court pronounced that it was awarding trespass damages of $3,650.00 for the
pushing of timbers, shrubs, and grasses and the placement of the Aoverburden@ on the Tills=
property.  The record shows that, during
the building of the dam, Damron=s contractor took down the fence (but replaced it), leveled the land
along both sides of the boundary, and caused dirt to drift onto the Tills= property. 
During this process, the contractor apparently pushed Arather large trees@ and shrubs from the Tills= property into the bottom of a ravine on
their property.  Natural grasses were
also destroyed.  Paul Till=s testimony indicated that $2,000.00 would
compensate him for the trees and shrubs and that $150.00 would cover the
replacement cost of the natural grass. 
Paul Till also testified that it would cost about $3,000.00 to have the
dirt removed from his property.  We hold
that the evidence is both legally and factually sufficient to support the
trespass award of $3,650.00.  The fifth
and sixth issues are overruled.  

In their
final issue, the defendants complain of the award of attorney=s fees and surveyor=s fees to the Tills.  The defendants assert that the Tills were
not entitled to these fees because the cause of action accrued prior to the
effective date of TEX. WATER CODE ANN. ' 11.0841 (Vernon 2000), which authorizes the recovery of attorney=s fees and expert costs in this type of
lawsuit.  The defendants, however,
failed to preserve their complaint for review. 
The Tills= attorney testified without objection
regarding the amount and the reasonableness of his fees.  The Tills= surveyor also testified without objection regarding the cost of the
survey, and his bill was introduced as an exhibit without objection.  The only objection to the award of these
fees came in a motion for new trial wherein the defendants merely challenged
the sufficiency of the supporting evidence. 
Because the defendants raised their complaint regarding the lack of entitlement
to fees under Section 11.0841 for the first time on appeal, they waived
error.  TEX.R.APP.P. 33.1; Texas
Department of Public Safety v. Burrows, 976 S.W.2d 304, 307 (Tex.App. - Corpus
Christi 1998, no pet=n);
see Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 94-95 (Tex.1999); Harris
County Children Protective Services v. Richker, 2 S.W.3d 741, 743 (Tex.App. -
Houston [14th Dist.] 1999, no pet=n); Board of County Commissioners of County of Beaver Oklahoma v.
Amarillo Hospital District, 835 S.W.2d 115, 126 (Tex.App. - Amarillo 1992, no
writ).  The seventh issue is overruled. 

The
judgment of the trial court is affirmed.  


 

                                                                                                JIM R. WRIGHT

                                                                                                JUSTICE

October 3,
2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J. 











     [1]Paul Till testified that the loss in market value of
his property (permanent-injury damages) amounted to $57,000.00.