

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00231-CV

## IN THE MATTER OF F.L.R., A JUVENILE

### From the County Court at Law No. 2
### Johnson County, Texas
### Trial Court No. J04422

## OPINION

A jury found that F.L.R. engaged in delinquent conduct by stealing an Under Armour sweatshirt valued at $50 or more but less than $500. The court placed F.L.R. on probation for twelve months. F.L.R. contends in his sole issue that he received ineffective assistance of counsel because his trial attorney failed to submit a written request for a jury instruction on abandoned property. We will affirm.

### Background

On the occasion in question, the complainant and F.L.R. were both students at Cleburne High School. The complainant had recently purchased a black Under Armour sweatshirt imprinted with the words "Texas Tech Red Raiders" from a sporting goods

store in Arlington. After dressing out for football practice, he put the sweatshirt in his locker and locked it. After practice, he discovered that his sweatshirt was missing.

F.L.R.'s locker was next to the complainant's, and F.L.R. was in the locker room when he put the sweatshirt in his locker. Later that same day, F.L.R. sold the sweatshirt to another student who wore it to school the next day. When this student found out that the sweatshirt belonged to the complainant, he returned it to him. The complainant approached F.L.R. who told him that he had found the sweatshirt in the floor of the locker room. Later, they were summoned to a meeting with the coaches where F.L.R. said that he had found the sweatshirt under the bleachers outside. F.L.R. testified at trial that he found the sweatshirt in the bleachers.

At the charge conference, F.L.R.'s trial counsel orally requested an instruction on abandoned property and dictated a proposed instruction on the record. The court denied the request.

### Ineffective Assistance

A juvenile has a right to effective assistance of counsel in an adjudication proceeding. *In re S.C.*, 229 S.W.3d 837, 842 (Tex. App.—Texarkana 2007, pet. denied); *R.X.F. v. State*, 921 S.W.2d 888, 902 (Tex. App.—Waco 1996, no writ). The familiar *Strickland* standard is used to resolve ineffective assistance claims. *S.C.*, 229 S.W.3d at 842 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)); *R.X.F.*, 921 S.W.2d at 902 (same).

To establish a claim for ineffective assistance of counsel, F.L.R. must show that: (1) counsel's performance was deficient; and (2) there is a reasonable probability the

outcome would have been different but for counsel's deficient performance. *See Ex parte Ellis*, 233 S.W.3d 324, 330 (Tex. Crim. App. 2007); *S.C.*, 229 S.W.3d at 842; *R.X.F.*, 921 S.W.2d at 902.

*Deficient Performance*

F.L.R. contends that counsel's performance was deficient because counsel failed to tender a written request for a defensive instruction on abandoned property. Like a criminal defendant, a juvenile "is entitled to an instruction on any properly requested defensive issue raised by the evidence, regardless of whether the evidence is weak or strong, unimpeached or contradicted, or credible or not credible." *In re E.C.L.*, 278 S.W.3d 510, 521 (Tex. App.—Houston [14th Dist.] 2009, pet. filed); *see Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008). We view the evidence in the light most favorable to the defendant when determining whether the requested instruction should have been submitted. *See Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006); *Durden v. State*, No. 06-08-00223-CR, 2009 WL 1347180, at *2 (Tex. App.—Texarkana May 15, 2009, no pet. h.).

A person commits theft when he "unlawfully appropriates property with intent to deprive the owner of property." TEX. PEN. CODE ANN. § 31.03(a) (Vernon Supp. 2008). When a defendant offers evidence that allegedly stolen property was abandoned, this raises a mistake-of-fact defense. *See Durden*, 2009 WL 1347180, at *5; TEX. PEN. CODE ANN. § 8.02 (Vernon 2003); *see also Ingram v. State*, 261 S.W.3d 749, 753-54 (Tex. App.—Tyler 2008, no pet.) ("it is possible to take possession of abandoned property without committing a theft or intending to commit a theft").

F.L.R. testified that he found the sweatshirt on the bleachers about an hour after the complainant testified that he first noticed that it was missing. No one was around when he found the sweatshirt. F.L.R. saw no identifying information on the sweatshirt.[1] He similarly told the coaches that he found the sweatshirt in the bleachers. A private investigator testified that he interviewed the complainant who told him that he had left his sweatshirt in the bleachers.

Viewed in the light most favorable to F.L.R., this evidence raises the mistake-of-fact defense. *See Durden*, 2009 WL 1347180, at \*5. Counsel orally requested a jury instruction on this defense, but he did not submit a written request for the instruction as required by Rule of Civil Procedure 278. *See* TEX. R. CIV. P. 278 ("Failure to submit a definition or instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or instruction has been requested in writing and tendered by the party complaining of the judgment."); *In re M.P.*, 126 S.W.3d 228, 230 (Tex. App.—San Antonio 2003, no pet.) (Rules of Civil Procedure govern the jury charge in a juvenile delinquency proceeding) (citing *In re A.A.B.*, 110 S.W.3d 553, 555-56 (Tex. App.—Waco 2003, no pet.)).

Counsel dictated the desired instruction on the record. This would suffice to preserve the issue for appellate review under article 36.15 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 36.15 (Vernon 2006); *A.A.B.*, 110 S.W.3d at 557. But it does not satisfy the requirements of Rule 278. *See* TEX. R. CIV. P. 278;

---

[1] Conversely, the complainant testified that his father wrote his name inside the pocket of the sweatshirt with a silver permanent marker.

*A.A.B.*, 110 S.W.3d at 558. The Supreme Court has specifically addressed the propriety of dictating a request on the record and has concluded that doing so does not suffice. *Woods v. Crane Carrier Co.*, 693 S.W.2d 377, 379 (Tex. 1985). The San Antonio Court has declined to follow *Woods*, concluding that it is inconsistent with the "common sense" approach encouraged by the Supreme Court in *State Department of Highways and Public Transportation v. Payne*. *See M.P.*, 126 S.W.3d at 230-31 (citing *Payne*, 838 S.W.2d 235, 241 (Tex. 1992)). Yet, every other court which has applied *Woods* since *Payne* was decided has declined to relax the requirement of Rule 278 that a written request must be made. *See Laas v. State Farm Mut. Auto. Ins. Co.*, No. 14-98-00488-CV, 2000 WL 1125287, at *12 (Tex. App.—Houston [14th Dist.] Aug. 10, 2000, pet. denied); *Sibert v. Coats*, No. 06-98-00065-CV, 1999 WL 182318, at *1 (Tex. App.—Texarkana Apr. 5, 1999, no pet.); *Fairfield Estates L.P. v. Griffin*, 986 S.W.2d 719, 724 (Tex. App.—Eastland 1999, no pet.); *Gilgon, Inc. v. Hart*, 893 S.W.2d 562, 565-67 (Tex. App.—Corpus Christi 1994, writ denied); *Mason v. S. Pac. Transp. Co.*, 892 S.W.2d 115, 118 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *see also Hartnett v. Hampton Inns, Inc.*, 870 S.W.2d 162, 165 (Tex. App.—San Antonio 1993, writ denied).

In *Payne*, the Supreme Court chracterized Texas jury charge procedure as "a labyrinth daunting to the most experienced trial lawyer." *Payne*, 838 S.W.2d at 240. The Court discussed the complexities and flaws of these procedures at length and reached the following conclusion:

> The flaws in our charge procedures stem partly from the rules governing those procedures and partly from caselaw applying those rules. Last year we asked a special task force to recommend changes in the rules

to simplify charge procedures, and amendments are under consideration. Rules changes must await the completion of that process; we do not revise our rules by opinion. We can, however, begin to reduce the complexity that caselaw has contributed to charge procedures. The procedure for preparing and objecting to the jury charge has lost its philosophical moorings. There should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling. The more specific requirements of the rules should be applied, while they remain, to serve rather than defeat this principle.

*Id.* at 241 (citation omitted).

The Corpus Christi Court provided a persuasive explanation in *Gilgon* for why the requirements of Rule 278 have not been superseded in any way by *Payne*:

*Payne* does not abandon the rules of civil procedure in favor of a test based on "whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." Instead, *Payne* demands that we apply the rules "while they remain" despite the fact that the rules cannot always be reconciled with what the test "should be."

*Gilgon*, 893 S.W.2d at 565 (quoting *Payne*, 838 S.W.2d at 241). Rule 278 has not been amended since *Payne* was decided. "*Payne* demands that we apply [this rule]" as it still remains. *See id.*

Counsel's oral request for an instruction on the mistake-of-fact defense did not satisfy the requirements of Rule 278. The defense was raised by the evidence, but counsel failed to preserve for appellate review the trial court's refusal to submit an instruction on the defense. F.L.R. has met the first element of the *Strickland* test for ineffective assistance. *See Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009) (counsel's failure to request accomplice-witness instruction met first element of *Strickland*).

*Prejudice*

F.L.R. must also establish a reasonable probability the outcome would have been different but for counsel's deficient performance. *Ellis*, 233 S.W.3d at 330; *see S.C.*, 229 S.W.3d at 842; *R.X.F.*, 921 S.W.2d at 902.

In *Davis*, the Court of Criminal Appeals discussed the appropriate analysis for an ineffective assistance claim in which counsel failed to request an accomplice-witness instruction. *See Davis*, 278 S.W.3d at 352-53. Regarding prejudice, the Court held that this issue "will generally turn on whether there was a substantial amount of non-accomplice evidence and whether the record reveals any rational basis on which the jury could have doubted or disregarded that evidence." *Id.* at 353. "[E]ach case must be judged on its own unique facts." *Id.*

It is also appropriate to consider criminal cases outlining the scope of review for assessing whether a defendant has suffered harm because of charge error. In this context, an appellate court considers: "(1) the charge itself; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) arguments of counsel; [and] (4) any other relevant information revealed by the record of the trial as a whole." *Martin v. State*, 200 S.W.3d 635, 641-42 (Tex. Crim. App. 2006) (citing *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)).

We have already addressed the error in the charge. Regarding the state of the evidence, the jury's verdict came down to whether the jurors believed F.L.R. or the complainant about where F.L.R. got the sweatshirt. Most of the evidence admitted favored the complainant's version of the events. The parties addressed abandonment of

property during voir dire, in their opening statements, and in their arguments to the jury. The jury deliberated for just over an hour before returning the verdict.

The State presented a "substantial amount" of evidence which supported the complainant's version of the events. The jury was given the opportunity to disregard this evidence and to accept F.L.R.'s version of the events, but the jury chose not to. *See Davis*, 278 S.W.3d at 353. The State also presented evidence that F.L.R. later threatened the complainant if he did not drop the charges, which suggests consciousness of guilt.[2] *See Durden*, 2009 WL 1347180, at *6; *Claxton v. State*, 124 S.W.3d 761, 766 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

In some instances, the denial of a proper defensive instruction will prevent a defendant from arguing a defensive issue. Here, however, F.L.R. fully argued his theory that the sweatshirt had been abandoned. *See Durden*, 2009 WL 1347180, at *7.

For these reasons, we conclude that there is not a reasonable probability the outcome would have been different but for counsel's deficient performance. *See Ellis*, 233 S.W.3d at 330; *S.C.*, 229 S.W.3d at 842; *R.X.F.*, 921 S.W.2d at 902.

We overrule F.L.R.'s sole issue and affirm the judgment.


FELIPE REYNA
Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis

---

[2]     The State also charged F.L.R. with retaliation based on this evidence, but the jury acquitted him of this charge.

(Chief Justice Gray concurs only in the judgment and only to the extent that it affirms the trial court's judgment.  A separate opinion will not issue.)

(Justice Davis concurs because no prejudice has been shown as required by *Strickland v. Washington* and *Ex parte Ellis*.  A separate opinion will not issue.)

Affirmed

Opinion delivered and filed June 10, 2009

[CV06]