**Affirm and Opinion Filed August 2, 2022**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00167-CV

## IN THE INTEREST OF J.M.H., A CHILD

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-19-00407-W**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Molberg

In this parental rights termination suit, Father appeals the trial court's judgment terminating the parent-child relationship between him and his son, J.M.H.,[1] following a jury trial. In two related issues, Father claims charge error, complaining, in essence, the trial court erred by refusing his request "for a jury charge issue" regarding his appointment as either managing or possessory conservator for J.M.H., when his pending pleading requested those appointments. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

---

[1] Due to typographical errors on the notice of appeal and docketing statement, the case style in this Court originally identified the child's initials as J.P.H., when, in fact, the child's initials are J.M.H. We have included the correct initials here and in our judgment.

## BACKGROUND

The Texas Department of Family and Protective Services (DFPS) initiated this suit on April 11, 2019. The case was originally set for final trial on March 30, 2020, with an original dismissal date of May 11, 2020, under family code section 263.401.[2]

Five times between March 30, 2020, and August 19, 2021, the trial court reset the final trial date and extended the dismissal date pursuant to Governor Abbott's declaration of a state of disaster in response to the imminent threat of the COVID-19 pandemic and by authority of the Supreme Court of Texas. In the fifth of those orders, the trial court reset the final trial date for November 30, 2021, and the dismissal date for December 1, 2021.

Father filed a number of pleadings over the course of the case, including an original answer and counterpetition on May 29, 2019 (original answer), an amended answer and counterpetition on March 10, 2020 (amended answer), and a supplemental answer on November 16, 2021 (supplemental answer).

Father requested a jury trial. J.M.H.'s Mother waived a jury.

Trial began November 30, 2021, and continued December 1, 2021, January 7, 2022, and February 8–10, 2022. When trial began, the court confirmed counsel wished to begin with a prove-up as to Mother and noted DFPS and Mother had

---

[2] *See* TEX. FAM. CODE § 263.401.

entered into a rule 11 agreement.[3] After hearing testimony from various witnesses, including Mother, all sides rested with regard to her, and the court accepted the rule 11 agreement between Mother and DFPS and made findings regarding Mother that were later incorporated into the final judgment.[4]

After a brief recess, the trial court heard certain pretrial matters before beginning with voir dire and the jury trial as to Father. As part of those pretrial matters, the court heard and granted DFPS's motion to strike Father's supplemental answer and signed an order to that effect the same day, November 30, 2021.

Later, on the last day of trial, and just prior to the reading of the court's charge, Father renewed his objection to the striking of his supplemental pleading and asked to include additional information in the charge. As Father's appellate counsel acknowledges, the record does not reflect Father submitted his request in writing,[5] but does reflect the following exchange, after Father's trial counsel renewed her objection to the striking of his supplemental answer:

> [FATHER'S COUNSEL]: [DFPS's counsel] filed a motion to strike, and when – my understanding at the time is we were proceeding on striking that allegation of adding [D.A., a fictive kin member Father named in his supplemental pleading as a possible managing conservator], and so I fully intended that my counterclaim would prevail.

---

[3] *See* TEX. R. CIV. P. 11.

[4] *See* TEX. R. CIV. P. 11. Because Mother has not appealed, we do not describe the rule 11 agreement or the portions of the final judgment affecting her, as they are not pertinent to this appeal.

[5] Father's appellate brief states, "[i]t does not appear that Father's requested jury instruction was filed with the [trial] court or otherwise made a part of the appellate record."

It has been my intent throughout the representation of [Father] to at least provide him an opportunity to have some contact with his child. *I have prepared an alternative charge which it basically alleges that – defining what the rights of [Father]are as a possessory conservator,* that being that the Court determines, you know, what contact and what those provisions are.

I would ask that – *I have supplemented the added questions* regarding if the jury were to find – where [DFPS's counsel's] pleading left off between the managing conservator and – [DFPS and Father] that they choose. And then *mine is actually if they find – you know, if they find for [Father], then, stop. If they find for [DFPS], answer the following question,* and that is whether or not–

THE COURT: So, your –

[FATHER'S COUNSEL] – [Father] could be named as a possessory conservator. So, that's all I want to add to it is whether or not he can be –

THE COURT: So, your objection is that you actually want to have an *instruction* that's outside the pleadings. You want me to renew your objection and re-rule on that; is that correct?

[FATHER'S COUNSEL]: Yes. And I have case law that –

THE COURT: Okay.

[FATHER'S COUNSEL]: I just wanted to state for the record that –

THE COURT: Okay. Thank you. [DFPS's counsel], your response.

[DFPS's COUNSEL provided a response]

THE COURT: Thank you both for that. My previous ruling will stand, I cannot determine intent. That's not the Court's job. The Court is to look at the pleadings and the rules and apply those. So, I'll go ahead and take the State's charge.[6]

---

[6] All emphasis added in this exchange is our own.

The jury later returned a verdict in DFPS's favor, answering "yes" to questions one through three, reflecting that the jury found by clear and convincing evidence that (1) Father engaged in conduct which endangers J.M.H.'s physical or emotional well-being, (2) Father knowingly placed J.M.H. with persons who engaged in conduct which endangers J.M.H.'s physical or emotional well-being, and (3) it is in J.M.H.'s best interest for the parent-child relationship between Father and J.M.H. to be terminated. Because of those answers, and consistent with the verdict form's instructions, the jury did not answer question four, which asked the jury to answer, based on a preponderance of the evidence, whether DFPS or Father should be named J.M.H.'s managing conservator. No question was posed to the jury regarding whether Father should be named possessory conservator.

On February 21, 2022, the trial court signed its judgment on the verdict and decree of termination. Among other things, the judgment adjudicated Father as J.M.H.'s father, incorporated the jury's verdict, terminated the parent-child relationship between Father and J.M.H., named DFPS as J.M.H.'s permanent managing conservator, and denied all other requested relief not expressly granted therein.

Father timely appealed the judgment and requested he be appointed appellate counsel based on his indigent status. The trial court appointed him appellate counsel on March 1, 2022. Father filed no post-trial motions.

Father raises two related issues on appeal, which we include verbatim:

1. The trial court erred in determining that Father had no pleadings on file following the striking of his supplemental answer.

2. The trial court erred in refusing Father's request for a jury charge issue regarding his appointment as either managing or possessory conservator despite his pleading for such in the amended answer.

We make three observations about these issues before explaining the central question on appeal we derive from them. First, Father has not appealed the striking of his supplemental answer and complains about it only as it relates to his prior amended answer and alleged charge error. Second, while Father has deduced from the exchange we quoted above that the trial court determined Father had no pleadings on file following the striking of his supplemental answer, it is unclear from the record before us whether the court did so. Third, the record does not contain a question, definition, or instruction requested in writing by Father, so it is not clear what, exactly, Father requested regarding the charge—be it a question, definition, instruction, or some combination thereof—but because the exchange we quoted above alludes to all three, we assume, for purposes of this opinion, Father's reference to a "jury charge issue" in his second issue refers to all three.

Thus, in deciding this appeal, we consider the following question: in light of Father's amended answer, did the trial court err by denying Father's request to include in the jury charge a question, definition, or instruction regarding appointment as J.M.H.'s managing or possessory conservator?

## APPLICABLE LAW AND ANALYSIS

A trial judge must submit jury questions, instructions, and definitions raised by the pleadings and the evidence. *See* TEX. R. CIV. P. 278; *Brumley v. McDuff*, 616 S.W.3d 826, 831 (Tex. 2021).

Conversely, a trial judge "must not submit claims or affirmative defenses that the pleadings and evidence do not support, unless the parties tried the claim or defense by consent." *Brumley*, 616 S.W.3d at 831.

In *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 469 (Tex. 2017), the court stated:

> In reviewing alleged error in a jury submission, we consider "the pleadings of the parties and the nature of the case, the evidence presented at trial, and the charge in its entirety." *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 862 (Tex. 2009) (citing *Sterling Tr. Co. v. Adderley*, 168 S.W.3d 835, 843 (Tex. 2005); *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex. 1986)). The alleged charge error "will be deemed reversible only if, when viewed in the light of the totality of these circumstances, it amounted to such a denial of the rights of the complaining party as was reasonably calculated and probably did cause the rendition of an improper judgment." *Island Recreational*, 710 S.W.2d at 555; *see also Reinhart v. Young*, 906 S.W.2d 471, 473 (Tex. 1995).

We review a claim of charge error for abuse of discretion. *Hinojosa v. LaFredo*, No. 05-18-01543-CV, 2021 WL 2217165, at *5 (Tex. App.—Dallas June 2, 2021, pet. denied) (mem. op.).

A trial court abuses its discretion by failing to follow guiding rules and principles. *Columbia Rio Grande*, 284 S.W.3d at 856.

Civil procedure rule 278 states:

> The court shall submit the questions, instructions and definitions in the form provided by Rule 277,[7] which are raised by the written pleadings and the evidence. . . . A judgment shall not be reversed because of the failure to submit other and various phases or different shades of the same question. *Failure to submit a question shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment;* provided, however, that objection to such failure shall suffice in such respect if the question is one relied upon by the opposing party. *Failure to submit a definition or instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or instruction has been requested in writing and tendered by the party complaining of the judgment.*

TEX. R. CIV. P. 278 (emphasis added).

With these applicable standards in mind, we turn to the question presented: in light of Father's amended answer, did the trial court err by denying his request to include in the jury charge a question, definition, or instruction regarding appointment as J.M.H.'s managing or possessory conservator?

Father argues the trial court erred and that the error caused the rendition of an improper verdict because he included a request to be appointed as J.M.H.'s managing or possessory conservator in his amended answer, the pleading he claims was his live pleading when the court refused his request regarding the charge.

---

[7] Rule 277 states, in pertinent part, "In a suit in which termination of the parent-child relationship is requested, the court shall submit separate questions for each parent and each child on (1) each individual statutory ground for termination of the parent-child relationship and (2) whether termination of the parent-child relationship is in the best interest of the child. The court shall predicate the best-interest question upon an affirmative finding of at least one termination ground." The court did so in this case, and no party argues otherwise.

DFPS does not dispute Father's amended answer included a request to be appointed as J.M.H.'s managing or possessory conservator[8] or that Father's request regarding the charge related to Father's desired appointment. Instead, DFPS argues, in part, that the pleading that was struck was, in effect, a second amended answer, not a supplemental answer as Father named it, and as such, Father's latest pleading superseded his amended answer under civil procedure rule 65,[9] which meant that when Father later requested additions to the charge, the trial court properly rejected the request because Father had no pleadings on file at the time.

We rejected a somewhat similar argument in a different context in *Randle v. NCNB Tex. Nat'l Bank*, 812 S.W.3d 381, 384 (Tex. App.—Dallas 1991, no pet.). In that case, relying solely on rule 65, the bank argued once its opponents' second amended original pleading was stricken, their first amended original pleading was superseded and no longer constituted a viable part of the record, which meant their opponents had no pleadings on file at the time of judgment. We disagreed, noting no exception had been urged to the opponents' first amended pleading, and stating,

---

[8] Father's amended answer asked that he be appointed as J.M.H.'s managing conservator, either alone, with Mother, or with B.K., a fictive kin member, or alternatively, that he be appointed as J.M.H.'s possessory conservator, with either Mother, B.K., or DFPS named as J.M.H.'s managing conservator.

[9] Rule 65 states:

> Unless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause, unless some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of, and exception be taken to the action of the court, or unless it be necessary to look to the superseded pleading upon a question of limitation.

TEX. R. CIV. P. 65.

"[r]eason and the cited authority supply credible grounds for holding the [opponents'] first amended original petition should and will be treated as a viable and effective pleading at the time of trial." *Id.* (referring as cited authority to our sister court's and the Texas Supreme Court's opinions in *Vordenbaum v. Ackermann*, 393 S.W.2d 927, 929 (Tex. Civ. App.—San Antonio 1965), *aff'd*, 403 S.W.2d 362 (Tex. 1966)). We see no reason to reach a different conclusion here, when there is no record of any exception being made to his amended answer and when the only pleading struck was Father's supplemental answer. Thus, even if we assume Father's supplemental answer was in fact a second amended answer, as DFPS argues, Father's amended answer should have been treated as a viable and effective pleading at the time of Father's request. *See id.*

But DFPS also makes two other arguments, both of them persuasive. First, DFPS argues Father failed to preserve error because his request regarding the charge was not in writing as required by civil procedure rule 278, citing, as support, *In re F.L.R.*, 293 S.W.3d 278, 281–82 (Tex. App.—Waco 2009, no pet.) (collecting cases and concluding party failed to preserve error regarding court's refusal to provide instruction). Second, DFPS argues even if Father preserved and demonstrated error, we should affirm because the error was not harmful, as Father has not shown the alleged error probably caused the rendition of an improper judgment under the circumstances, when the jury did not consider conservatorship because of the jury's predicate and best interest findings and when Father has not challenged them.

We agree. Regardless of whether his request was for submission of a question, definition, or instruction regarding appointment as a managing or possessory conservator, Father has made no showing that he requested submission of a question in writing and in substantially correct wording or that he requested in writing a substantially correct definition or instruction. Thus, under the plain terms of rule 278, we may not deem the trial court's refusal as a ground for reversal of the judgment. TEX. R. CIV. P. 278; *see F.L.R.*, 293 S.W.3d at 281–82 (stating counsel's oral request for instruction did not satisfy requirements of rule 278).[10]

Moreover, even if civil procedure rule 278 did not require us to affirm, appellate procedure rule 44.1 does. *See* TEX. R. APP. P. 44.1(a) (standard for reversible error). Even if we concluded the trial court erred, such error was harmless, when the jury answered "yes" to the two predicate questions and to the best interest question and when Father has not appealed those findings. *See Shupe v. Lingafelter*, 192 S.W.3d 577, 579–80 (Tex. 2006) (concluding in personal injury case any error was harmless as to trial court's omission of instruction on negligent entrustment, where jury answered "no" to question in jury charge regarding whether tractor trailer

---

[10] *But see In re M.P.*, 126 S.W.3d 228, 230 (Tex. App.—San Antonio 2003, no pet.) (concluding party preserved error as to requested jury instruction by making the trial court aware of his request, timely and plainly, with his oral dictation in the record of his exact request and with his repeated objection after closing arguments). *F.L.R.* suggests *M.P.* is out of step with most courts' view. *See F.L.R.*, 293 S.W.3d at 281 (stating, after citing *M.P.*, "[y]et every other court which has applied *Woods* since *Payne* was decided has declined to relax the requirement of Rule 278 that a written request must be made."). To the extent *M.P.* is in conflict with our opinion in this case, we decline to follow it.

–11–

driver's negligence, if any, proximately caused the collision); *Island Recreational*, 710 S.W.2d at 555 (stating alleged charge error "will be deemed reversible only if, when viewed in the light of the totality of these circumstances, it amounted to such a denial of the rights of the complaining party as was reasonably calculated and probably did cause the rendition of an improper judgment").

Based on the record here, we conclude, despite Father's amended answer, the trial court did not err by denying his request to include in the jury charge a question, definition or instruction regarding appointment as J.M.H.'s managing or possessory conservator. In light of this conclusion, we overrule Father's two issues.

## CONCLUSION

We affirm the trial court's judgment.

/Ken Molberg/

KEN MOLBERG

220167f.p05                          JUSTICE

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.M.H.,
A CHILD

No. 05-22-00167-CV

On Appeal from the 304th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. JC-19-00407-
W.
Opinion delivered by Justice
Molberg. Justices Schenck and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of August 2022.